## Commonwealth *v.* One 1941 Plymouth Sedan (et al., Appellant).

Argued March 10, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Albert Blumberg,* with him *Joseph W. DeFuria,* for appellant.

*Edmund P. Hannum,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY ARNOLD, J., April 16, 1947:

This was an in rem proceeding in which the court below decreed the forfeiture of a motor vehicle alleged to be illegally used in violation of the liquor laws, under §611 of the Liquor Control Act (47 P. S. 744-611). The owner appealed and contends that the testimony did not disclose the illegal use of the vehicle.

The evidence showed conclusively that the owner, DiSanto, drove the vehicle upon the grounds of Broadmeadows Prison in Delaware County. The suspicions of the prison authorities were aroused and in the sedan they found four bottles containing a "white fluid". The owner alleged that he was "hunting mushrooms". The law officers believed that he was seeking customers. The

owner and the bottles were seized, the former placed in custody of the jailer and the latter in custody of the Liquor Control Board. The chemist who had analyzed the bottled fluid was ill and the alcoholic content was not proved at the forfeiture trial. The owner had previously pleaded guilty to illegal possession of liquor and keeping liquor without an official seal, on which sentence was suspended. The same judge who disposed of those pleas by suspending sentence, and having full knowledge of the facts and circumstances therein, stated that the plea of guilty was "to possession of this liquor", i. e., the white fluid. The owner did not take the stand, but now contends that there was no proof that the four bottles in the sedan contained liquor, and that it was not proved that the liquor admittedly possessed by the appellant (as evidenced by his plea to the indictment) was the liquid found in the motor vehicle. Appellant's position is technically valid, for the court cannot take judicial notice of the criminal proceeding in this forfeiture action: *Commonwealth ex rel. v. Ball,* 277 Pa. 301, 306, 121 A. 191; *Walter v. Baldwin,* 126 Pa. Superior Ct. 589, 596, 193 A. 146. The record was not offered nor were the facts surrounding the indicted offense shown, nor was there any proof that the date of the commission of the indicted offense was the same as that of the events which led to the present seizure. The trial judge knew the facts but unfortunately they were not placed upon the record.

On this bare technicality the owner is not entitled to have the return of the automobile, but only to the return of the record to the court below so that the facts which the court knew may appear in evidence. Under this Court's statutory power [1] to enter such decree "as it may think to be just", or to "return the record for further proceedings", the decree of the court below is reversed and the record remanded with a procedendo.

---

[1] Act of June 24, 1895, P. L. 212, §8, par. 8, 17 P.S. 192.