## Hosfeld Estate.

Argued April 23, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Donald F. Spang,* with him *R. Solomon Bear,* for appellant.

*Allan L. Cutshall,* with him *Ralph J. Althouse, Jr.,* for appellees.

158

Opinion by Mr. Justice Benjamin R. Jones, October 9, 1963:

Sallie R. Hosfeld (decedent), a resident of Berks County, died July 8, 1959. By the terms of her will, her estate was given to her son Clyde L. Hosfeld (Hosfeld) and her daughter, Effie Herber, share and share alike, and Hosfeld was appointed executor.

When Hosfeld filed his first and final account in the Orphans' Court of Berks County he failed to include among the assets of decedent's estate three bank accounts: (1) a savings account in the Hamburg Savings and Trust Company, held in the name of "Hosfeld's General Store, Sallie Hosfeld, Proprietor", wherein there was a balance of $11,591.91 on the date of decedent's death [Hamburg Account];[1] (2) a savings account in the Fogelsville National Bank, held in the names of "Hosfeld, Mrs. Sallie R., or Clyde L. Hosfeld or Mrs. Effie Herber", wherein there was a balance on the date of decedent's death of $6,679.88 [Fogelsville Account];[2] (3) a savings account in the Farmers Bank of Kutztown, held in the names of "Mrs. Sallie R. Hosfeld, or Mr. Clyde L. Hosfeld or Mrs. Effie Herber", wherein there was a balance on the date of decedent's death of $6,298.82 (Kutztown account).

Because of Hosfeld's failure to list these bank accounts as estate assets, Mrs. Herber filed exceptions to the account and, after hearing, the Orphans' Court of Berks County held that all three bank accounts were decedent's sole property and surcharged Hosfeld in the amounts of the balances of these accounts.[3] From that decree this appeal was taken.

---

[1] Although not listed as an estate asset, the existence of this account was noted in the executor's account.

[2] This bank account was neither listed as an estate asset or noted in the executor's account.

[3] The Kutztown account is no longer in litigation; settlement thereof has been made.

## Hamburg Account

For many years subsequent to the death of her husband, the decedent continued the operation of a general store in Stoney Run, Berks County, wherein her son, Hosfeld, was employed. On November 14, 1958, while ill in a hospital, decedent executed a bill of sale which was witnessed by her minister and Mrs. Herber and which purported to convey to Hosfeld for $7,500 the store business. This bill of sale recited the sale by decedent to Hosfeld of: (a) "The entire inventory, furniture, fixtures, business assets and goodwill as a going concern of the general store business" including "all book accounts and accounts receivable, outstanding contracts, and all assets and property of any kind or nature whatsoever belonging or appertaining to said business"; (b) a certain described truck; (c) 22 shares of the capital stock of Lehigh Wholesale Grocery Company. Hosfeld now claims that the Hamburg account was included among the assets of the general store transferred to him by this bill of sale.

After a review of the testimony, an examination of the provisions of the bill of sale and the applicable law, we are in agreement with the court below wherein it states: "[Hosfeld] presumably contends that the words 'book accounts and accounts receivable, outstanding contracts and all assets and property of any kind or nature whatsoever belonging or appertaining to said business' include the bank account of the vendor, Sallie R. Hosfeld, the decedent, even though the consideration for the contract is only $7,500.00 whereas the bank account deposit at the time of its withdrawal by [Hosfeld] was $11,591.91. The intention of the parties to this contract must be ascertained not only from the actual words contained in the agreement or bill of sale but all the surrounding circumstances. Applying the rule of construction known as ejusdem generis, we find that it was the intent of the parties that the words 'all

book accounts and accounts receivable, outstanding contracts, and all assets and property of any kind or nature whatsoever' are limited to book accounts, contracts, and assets 'belonging or appertaining to said business' and do not include other property or assets of the vendor, Sallie R. Hosfeld, the decedent. We are the more persuaded of the correctness of this interpretation when the disparity between the consideration for the contract and the amount of the bank deposit are recalled. Accordingly, we conclude that [Hosfeld] did not purchase the bank account of the decedent in the Hamburg Savings & Trust Company. . . ."

Insofar as the decree of the court below finds that the Hamburg account was at the time of death decedent's sole property and that the executor should be surcharged in the amount of the balance of said account, the decree is affirmed.

### Fogelsville Account

This account was opened on May 9, 1958 in the names of "Hosfeld, Mrs. Sallie R., or Clyde L. Hosfeld or Mrs. Effie Herber" with an initial deposit therein of $5,246.55. On June 30, 1958 there was an additional deposit of $1,318.04. In connection with this account there was no signature card. Subsequent to decedent's death, Hosfeld withdrew the entire balance of $6,679.88 from the account.

In connection with this account the court below correctly stated: "It will appear from the foregoing, therefore, that the determination of the ownership of a joint bank account with right of survivorship depends upon (a) the contract entered into by the depositors, and (b) whether a completed gift inter vivos has been made." The court then went on to say: "In the face of the absence of any evidence of the intent of the parties when the account was opened and in the absence further of any evidence of a gift by the decedent to

her children, we find that the said account . . . was and is the property of Sallie R. Hosfeld and her estate. . . ."

An examination of this record reveals an error in the court's findings: the insufficiency of the evidence as to the initial or original ownership of the moneys deposited in this account. With one exception, the record is silent in proof that the money originally deposited in this account was decedent's money and, by the same token, there is absolutely no evidence whatsoever that the money deposited was that of Hosfeld. There was evidence that the decedent had requested Mrs. Herber to "check on it [the bank account] to see if he [Hosfeld] put it in the bank like he had told her", and that "the $5,000 came from the Walter Wessner sheriff's sale". Appellee also urges that "Paragraph 6(a) of the Statement of Fact filed by the Objector to the Account" reveals that the initial deposit in this account represented the "proceeds of Sheriff's Sale as of No. 2 April Term, 1958, E.D. payment having been made by the Sheriff of Berks County to Sallie R. Hosfeld, Judgment Lien Creditor, in full of Judgment to No. 161 August Term, 1954, J.D." Such a "Statement of Fact" does not appear on the record presented to us. In *Commonwealth v. One 1941 Plymouth Sedan,* 160 Pa. Superior Ct. 575, 577, 52 A. 2d 240, Judge (later Justice) ARNOLD, in remanding the record to the court below, stated: "The trial judge knew the facts but unfortunately they were not placed upon the record."[4] If the facts are as stated in this so-called "Statement of Fact" and, if decedent received from this sheriff's sale the money which she later caused to be deposited in this account, such facts must be proved of record.

---

[4] Cf: *Com. ex rel. Branch v. Branch,* 175 Pa. Superior Ct. 373, 104 A. 2d 183.

In its opinion, the court below stated: "Five thousand dollars of the deposit in the Fogelsville bank were the proceeds of a sheriff sale in which Walter Wessner was the defendant" and "Of the balance of $6,679.88 which was withdrawn by [Hosfeld] $5,000 thereof were the proceeds of a sheriff sale which the decedent had requested her son [Hosfeld], to obtain from the Sheriff of Berks County and deposit in the said account."

It is hornbook law that findings by a court must be based on proved facts or inferences therefrom (*Macchia v. Megow,* 355 Pa. 565, 50 A. 2d 314; *U. S. Gypsum Co. v. Birdsboro Steel Foundry,* 160 Pa. Superior Ct. 548, 52 A. 2d 344) and possess some evidentiary support. The difficulty we encounter in the case at bar lies in the fact that our research of this record reveals only a scintilla of evidentiary support for the findings of the court that decedent received from a sheriff's sale proceeding money which allegedly she caused to be deposited in this account when it was opened. Upon such basis a finding of initial or original ownership by decedent of the money which went into this account cannot be sustained. Whether the moneys deposited in this account were deposited by decedent, by Hosfeld or by Mrs. Herber is simply a matter of conjecture. It is essential before any conclusion can be reached as to the existence or nonexistence of a gift inter vivos that the identity of the donor, if there be a donor, be established by proof as to the original ownership of the moneys in this account.

From the facts and inferences therefrom which do appear of record, we are convinced that equity and justice require that further opportunity be given to the parties to *prove,* if possible, the initial or original ownership of the moneys deposited in this account. Therefore, it is imperative that the record be remanded to the court below for the purpose of ascertaining, if possible, the source of the moneys deposited in this account.

If it be established that the decedent originally owned the moneys deposited in this account, then the court below is correct in concluding that there was no gift inter vivos under the applicable law. Absent such proof of original ownership of the moneys deposited in this account, we fail to see how any finding of the existence or nonexistence of a gift inter vivos can be made.

Decree affirmed as to the Hamburg account and decree vacated as to the Fogelsville account and the record remanded to the court below to enable the parties to establish, if they can, the initial or original ownership of the moneys deposited in this account. Costs to abide the event.