Hosfeld Estate.

Argued April 30, 1964. Before Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Donald F. Spang,* with him *R. Solomon Bear,* and *Merkel, Spang & Martin,* for appellant.

*Allan L. Cutshall,* with him *Ralph J. Althouse, Jr.,* for appellees.

OPINION BY MR. JUSTICE JONES, July 1, 1964:

At issue upon this appeal is the ownership of a savings account held at the time of death in the joint names of a deceased mother and her two children.

Sallie R. Hosfeld (decedent), died testate on July 8, 1959, survived by two adult children, Clyde L. Hosfeld (Hosfeld), and Effie Herber.

A savings account was opened in the Fogelsville National Bank, Fogelsville, on May 9, 1958, in the names of "Hosfeld, Mrs. Sallie R., or Clyde Hosfeld or Mrs. Effie Herber". Two deposits were made therein by Hosfeld; an original deposit of $5246.55 and an additional deposit of $1318.04. In connection with this account there was no signature card. After decedent's death, Hosfeld withdrew the entire balance of $6,679.88 from the account. When Hosfeld, as personal representative of decedent's estate, filed his first and final account in the Orphans' Court of Berks County, he failed to list this account as an asset of the estate. Exceptions to this account having been filed by Mrs. Herber, the Orphans' Court of Berks County held that this account was an asset of the decedent's estate and surcharged Hosfeld in the amount thereof. In so holding, the court stated, inter alia: "In the face of the absence of any evidence of the intent of the parties when the

account was opened and in the absence further of any evidence of a gift by the decedent to her children, we find that the said account . . . was and is the property of [the decedent] and her estate . . . ."

On appeal to this Court, we held (412 Pa. 156, 194 A. 2d 158) that the evidence failed to establish the original ownership of the moneys deposited in this account and we remanded the record to the court below "for the purpose of ascertaining, if possible, the source of the moneys deposited in this account." Thereafter, the court below held a hearing and, after such hearing, the court below found that the moneys deposited in this account were decedent's property, that Hosfeld withdrew the moneys from the account, that the moneys deposited in the account were the result of an execution and sheriff's sale directed against one Walter Wessner against whom decedent had a judgment, that, while Hosfeld testified that decedent had made a gift to him of a portion of the moneys deposited in the bank, i.e., the amount of the additional deposit, $1318.04, such testimony was inadmissible under the so-called "Dead Man's Act" (Act of May 23, 1887, P. L. 158, 28 P.S. §322) because it indicated "an adverse interest to that of the estate", and that decedent did not make a gift of $1318.04 to Hosfeld. From a decree surcharging Hosfeld with the amount withdrawn by him from such account this appeal was taken.

There is no doubt that the testimony of Hosfeld was adverse to the interest of the estate and that, ordinarily, such testimony would be inadmissible under the so-called "Dead Man's Act". However, the instant record reveals that Hosfeld was called as a witness on cross-examination by counsel for the exceptant and no objection made to his testimony. Under such circumstances, Hosfeld's testimony became admissible. As we stated in *Commonwealth Trust Co. v. Szabo,* 391 Pa. 272, 279, 138 A. 2d 85, ". . ., by calling him as of cross-

examination, and, by examining him as to matters which occurred during the decedent's lifetime, rendered him a competent witness on all relevant matters and removed his prima facie disqualification."[1] The manner in which Hosfeld's testimony was elicited removed any disqualification under the so-called "Dead Man's Act" and his testimony should have been considered by the court below.

However, even considering and accepting the testimony of Hosfeld, the evidence clearly fails to show that decedent made a gift of the moneys in this account. *Martella Estate,* 390 Pa. 255, 135 A. 2d 372, outlines the principles applicable in this area of the law: (1) the mere fact that money is deposited in the account of the owner *and* another or the owner *or* another does not *standing alone,* prove a gift inter vivos; (2) it is the burden of the claimant to establish the existence of a gift inter vivos by clear, precise, direct and convincing evidence; (3) to constitute a gift inter vivos there must be shown an intention to make an immediate gift and such an actual or constructive delivery to the donee (a) as to divest the donor of all dominion and control or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein. The evidence presented in the case at bar in support of a gift by decedent of the moneys in this account to Hosfeld falls woefully short of the standards required by our case law in proof of such a gift.

Decree affirmed. Costs on Hosfeld.

[1] See authorities cited in footnote in *Szabo,* p. 279.