## Seidel Estate

*Robert Grim*, for petitioner.
*Lee Mescolatto*, contra.

WESNER, *J.*, May 24, 1979—This case is presently before this court on a petition to open a judgment dated September 21, 1977, on the basis of after-discovered evidence. The judgment was entered against Mrs. Esther M. Seidel to pay and deliver to the executor of her late husband Kenneth I. Seidel's estate, $66,247.40 with interest. The original controversy centered on a checking account at the Kutztown National Bank, which merged with the First National Bank of Allentown on or about April 1, 1976. The money in the checking account had been paid to Mrs. Seidel on the basis of a joint tenancy with right of survivorship. The after-discovered evidence presented is the signature card establishing the joint account with right of survivorship recently discovered by the bank.

• • •

## ISSUE

1. Should the judgment be opened on the basis of after-discovered evidence?

## DISCUSSION

This petition to open judgment rests on after-discovered evidence, i.e., the missing signature card. This is the proper procedure when new evidence relating to a cause of action is raised, rather than a motion to strike off or vacate the judgment: Nixon v. Nixon, 329 Pa. 256, 198 Atl. 154 (1938). In order for the court to open a judgment ". . . the petition must aver a meritorious defense and also establish equitable considerations which impress the court with the need for relief. Sanctis v. Lagerbusch, 213 Pa. Superior Ct. 483, 249 A. 2d 919 (1968)." Bucks County Bank & Trust Company v. DeGroot, 226 Pa. Superior Ct. 419, 422, 313 A. 2d 357 (1973).

This action is an appeal to the equitable side of the court with the judge sitting as chancellor. The burden of proof for opening a judgment is a preponderance of the evidence: Ehnes v. Wagner, 388 Pa. 102, 130 A. 2d 171 (1957); Kaufman v. Feldman, 118 Pa. Superior Ct. 435, 180 Atl. 101 (1935).

The evidence here was not discovered at the initial hearing despite diligent efforts on Mrs. Seidel's part to obtain the signature card. Testimony at the hearing indicated that Mrs. Seidel had instructed the officials of the Kutztown National Bank, later the First National Bank of Allentown, to produce the card. These officials testified at both the initial hearing before Judge Dawson H. Muth and the hearing before this court to their repeated, exhaus-

tive efforts to locate the missing signature card. It was located by the bank inadvertently nearly a year later. The card was found banded with others (approximately 200 in number) in a box marked "Kutztown Conversion." This box was compiled as a reference source of the bank to use as a model for future mergers. The creators of this file did not intend for it to contain records from the Kutztown National Bank.

The bank signature card was viewed by Judge Dawson H. Muth in his opinion of September 7, 1977, as the crucial factor in the failure of petitioner to establish prima facie evidence of an inter vivos gift creating a joint tenancy with right of survivorship. Judge Muth stated there:

"The purported donee [Mrs. Esther Seidel] was unable to present any evidence of the existence of a prima facie gift by competent evidence in the absence of a signed signature card. Such signature card is not in the possession of the depository bank and admittedly does not exist. Pennsylvania cases dealing with the issue of prima facie evidence of a gift of a joint account has relied on the signing of a signature, and in Beniger Estate, 449 Pa. 376, it was held that when a depositor creates a joint savings account with right of survivorship, and a signature card so stating is signed by both parties, a prima facie inter vivos gift to the other party and the creation of a joint tenancy with the right of survivorship are established: Sivak Estate, 409 Pa. 261; Hosfeld Estate, 414 Pa. 602; and Zabek Estate, 441 Pa. 116." Opinion, p. 7-8.

Mrs. Seidel was ordered to return the $66,247.40 with interest to the executors since she could not establish the account in both their names.

Donative intent is essential to a completed inter vivos gift. In order to show donative intent there must be an intention to make an immediate gift and actual or constructive delivery. Delivery must be sufficient to ". . . divest the donor of all dominion and control or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein." Hosfeld Estate, 414 Pa. 602, 605, 202 A. 2d 69 (1964).

The creation of a joint bank account with rights of survivorship, evidenced by the signatures of both parties, is prima facie evidence of the party funding the account to make an inter vivos gift: In re Estate of Gladowski, 483 Pa. 258, 396 A. 2d 631 (1979). Once this presumption is raised, it must be overcome by clear, precise and convincing evidence to the contrary: Estate of Lux, 480 Pa. 256, 389 A. 2d 1053 (1978). We are not faced with the decision of whether the presumption in this case is overcome. Mrs. Seidel has shown by a preponderance of the evidence that she used all due diligence to present the card at the initial hearing and it was not discovered until recently. This presents a meritorious defense to the action. It would be inequitable not to allow the petitioner an opportunity to regain $66, 247.40 which may have been held jointly with her husband before his death and is thus, now, rightfully her money.

• • •

## DECREE NISI

And now, May 24, 1979, it is ordered and decreed that this petition to open judgment is granted. This decree nisi shall become absolute in the absence of exceptions filed within ten days of this adjudication.