## Estate of Wilford W. Bolinger

*Thomas A. Bowlen,* for the claimants.
*J. E. Ferens, Jr.,* for the estate.

FRANKS, *J.*, May 9, 1980—On December 9, 1977, George Whetsell and Maxine Whetsell (hereinafter "claimants"), filed a claim in the amount of $7,862

against the estate of Wilford W. Bolinger, deceased. Thereafter, as no mention was made of said claim in the first and final account filed by the administratrix, claimants filed an objection to said first and final account on November 29, 1978.

Hearings were held on June 22, 1979, August 29, 1979, and October 31, 1979, for the purpose of taking testimony regarding said claim. At the hearings the administratrix objected to the competency of the claimants to testify because of the so-called Dead Man's Act.[1] A ruling on this objection was reserved and claimants were permitted to testify.

Claimants base their claim on a reduction of the value of inventory of a business known as "Trappers Service Center" which they assert the decedent had orally agreed to purchase from them on December 1, 1976. On March 15, 1977, shortly after decedent's death, claimants conducted an inventory before reassuming operation of the business, which decedent had operated until his death on February 21, 1977. It was at this time that claimants noted a depletion of the value of the stock and equipment from an earlier inventory taken on November 31 [sic], 1976. Claimants allege that decedent was responsible for the depletion of the inventory, and hence, the estate is liable to claimants for the amount of $7,862.

As previously stated, the administratrix objected to the competency of the claimants to testify regarding the alleged oral contract of sale and dealings between claimants and the decedent under the Dead Man's Act.

If claimants' testimony is admissible, then the claim against the estate is proven and the administratrix must pay the claim out of the estate funds. If the testimony is barred by the Dead Man's Act,

1. Act July 9, 1976, P.L. 586, Section 2, eff. June 27, 1978; amended April 28, 1978, P.L. 202, Section 10 (75), eff. June 27, 1978, 42 Pa.C.S.A. §5930.

then the evidence is sufficient to support the claim and claimants' objection will be dismissed.

We find that the administratrix has waived the Dead Man's Act, thereby rendering claimants competent to testify. This waiver occurred in two different ways. The first waiver of the Act occurred when the administratrix requested copies of several documents, including inventories, receipts, and claimants' income tax returns. Such a request, though informal, is a discovery procedure aimed at the estate's preparation for trial. Pennsylvania Rules of Civil Procedure provide for liberal discovery to " . . . secure the just, speedy, and inexpensive determination of every action . . . " Goodrich-Amram 2d, Section 4001.3.

The administratrix is mistaken when she states in her brief: "Unless the Court is actually involved in the manner contemplated by the Rules, discovery is not commenced." (Brief on behalf of the Estate, p.6, para. 3.) The procedural rule which governs a request for production of documents, such as the administratrix had requested of claimants, is Rule 4009 of the Pennsylvania Rules of Civil Procedure. Rule 4009 specifically provides for discovery of documents without leave of the court.[2] The rule creates a duty of compliance with the threat of sanctions if the request is not honored. Administratrix's argument might have been valid had leave of court been a required part of the discovery process. However, such is not the case under these facts.[3] As

2. Rule 4009, as amended November 20, 1978, effective April 16, 1979, provides that leave of court is no longer required in a request for production of documents. The request in the instant action was not made until June, 1979, and therefore, is governed by the newly amended rule.

3. Friel Estate, cited in administratrix's brief (40 D. & C. 2d 101 (1966)), does not support the estate's position in this action. In Friel requests were made for business documents under

the Allegheny County Court of Common Pleas stated in Vinski, v. Holfedler:[4]

"It is the act of the party enjoying the benefit of the 'Dead Man's Act' in instituting discovery procedures, and not the act of the court in ordering the discovery which constitutes the act of waiver."

It would be inherently unfair to permit the administratrix herein to discover the bulk of claimants' written evidence and then permit the administratrix to shield herself via the Dead Man's Act. The administratrix may not use a two-headed coin in its gamble with discovery. Therefore, the request for documents resulted in a waiver of the Dead Man's Act.

Claimants also alleged a waiver of the Dead Man's Act when the estate called one of the claimants, Maxine Whetsell, as on cross examination. We agree that the calling of the claimant on cross examination also operates as a waiver of the Dead Man's Act. The questions asked on cross examination directly related to the issues contained in the claim, and thereby " . . . rendered him [her] a competent witness on all relevant matters and removed his [her] prima facie disqualification." Hosfeld Estate, 414 Pa. 602, 202 A. 2d 69 (1964).

For the reasons herein cited, we conclude that claimants' testimony is competent and, therefore, admissible. That testimony, in addition to other supporting witnesses' testimony, has convinced us

---

the old, pre-amended Rule 4009. Pre-amendment, Rule 4009 required leave of court which the petitioner in Friel did not request. Hence, even though the trial court in Friel was probably correct in stating that no discovery procedures had been properly employed, that argument is inapplicable under the instant facts where leave of court is no longer required to seek discovery of documents.

4.  118 P.L.J. 375 (1970).

of the validity of the claim against the estate.

The claim, as amended at the hearings, requests an award in the amount of $5,544.95. Although the testimony at the hearings regarding the amount was quite complicated, and not too clear, we agree that the above stated amount is correct.

## ORDER

And now, May 9, 1980, the claim of George Whetsell and Maxine Whetsell in the sum of $5,544.95 from the estate of Wilford W. Bolinger, deceased, is hereby allowed, and their objections to the first and final account in said estate are sustained.