## Fenstermaker Estate.

Argued January 9, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Murray Mackson,* with him *Jacob Philip,* for appellants.

*William B. Quinn,* with him *Prutzman and Quinn,* for appellee.

OPINION BY MR. JUSTICE JONES, March 24, 1964:

On December 21, 1961, John E. Fenstermaker (decedent), transferred $19,327.61 from his individual account to a joint savings account in the Tri-County State Bank, Bowmanstown, Pa. (Bank). The newly opened savings account was captioned "John E. Fenstermaker or Mrs. Florence Reichard", the latter being decedent's daughter. Decedent obtained a signature card from the Bank, took it to Mrs. Reichard's home and returned the signature card to the Bank, admittedly signed by decedent and Mrs. Reichard. This signature card read as follows:

> "Authorized Signatures of Account No. 6534
> John E. Fenstermaker or
> Mrs. Florence Reichard
> (Subject to withdrawal by either)
>
> TRI-COUNTY STATE BANK
> BOWMANSTOWN, PA.

"Date 12-22-61        First Deposit $19,327.61

"It is agreed and understood that any and all sums that may from time to time stand on this account, to the credit of the undersigned depositors, shall be taken and deemed to belong to them as joint tenants and not

as tenants in common; that the funds may be withdrawn by either depositor, only upon presentation of the pass book; and in case of death of either, the Bowmanstown Bank is hereby authorized and directed to deal with the survivor or survivors as sole and absolute owner or owners thereof.

Witness our hands and seals, this 22nd day of December 1961.

Attest:  John E. Fenstermaker  (Seal)

Florence Reichard  (Seal)

Residence 313 So. 7th, Lehighton, Pa."

Decedent died, testate, on March 7, 1963. At the time of decedent's death, there was $20,210.42 in the savings account and there had been neither deposits in, nor withdrawals from, this account since its creation.

Under the terms of decedent's will—executed April 17, 1956—decedent's estate was to be distributed, share and share alike, to his three surviving children (including Mrs. Reichard) and a daughter of a deceased child. On June 6, 1963, decedent's personal representatives obtained from the Orphans' Court of Carbon County a rule upon Mrs. Reichard to show cause why the proceeds of the savings account should not be included as an estate asset and delivered by Mrs. Reichard to the personal representatives. After hearing, the court below dismissed the rule as to this savings account. From that order this appeal was taken.

Certain well-settled principles in this area of the law must be kept in mind: (1) in the absence of fraud, accident or mistake, "[w]hen a depositor creates a joint savings . . . account with right of survivorship, and a signature card so stating is executed by both parties, these facts are prima facie evidence of a gift inter vivos by the depositor to the other, and of the

creation of a joint tenancy with right of survivorship: [citing cases].": *Furjanick Estate*, 375 Pa. 484, 100 A. 2d 85; (2) in the absence of alleged or proven fraud, accident or mistake, if the wording of the savings account and the signature card executed in connection therewith reveals the intent of the depositor clearly and without ambiguity, parol evidence to show a contrary intent is inadmissible; if from the wording of the writings the intent of the depositor appears indefinite or uncertain or ambiguous, then parol evidence is admissible: *Furjanick Estate*, supra, 493; *Amour Estate*, 397 Pa. 262, 264, 154 A. 2d 502; (3) when a prima facie case has been made out the burden of proof shifts and to sustain such burden the evidence must be clear, precise and convincing: *Rogan Estate*, 404 Pa. 205, 211, 171 A. 2d 177.

The court below permitted the introduction into evidence, by way of cross-examination of Mrs. Reichard, of oral testimony to show that, when the decedent created this joint savings account, no gift was intended and effected. No objection to the admission of such evidence appears upon this record and no question as to the admissibility of such evidence has been raised upon this appeal. Under the circumstances, therefore, we will consider such evidence as though properly admitted.

We have studied this record and, from such study, find ourselves in full agreement with that which was stated by the court below: "We are not able to deduce from this testimony, as argued by petitioners, that decedent created the joint bank account for his convenience to pay his current bills and that he only wanted Mrs. Reichard to have the money if anything happened to him. Rogan Estate, 404 Pa. 205. The evidence to rebut the fact that a gift inter vivos was intended and effected must be clear, precise and convincing. . . . No such evidence has been presented here. Nowhere is

any statement accredited to decedent that [Mrs. Reichard] was not to have an immediate interest in the bank account. All her testimony that infers otherwise must be attributed to her own deductions and conclusions rather than to anything the decedent may have said. The fact that Mrs. Reichard testified that decedent said she was to have everything if anything happened to him does not violate the terms of the signature card, but is in keeping with the 'right of survivorship provision' of the agreement. The fact that decedent retained the pass book is of no consequence. Cox Estate, supra [405 Pa. 444, 176 A. 2d 894].

"We therefore hold that decedent created an inter vivos gift of the bank account and that Mrs. Florence Reichard is entitled to the proceeds of said bank account."

Order affirmed. Each party to pay own costs.