## Fisher Estate.

Argued March 17, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, POMEROY and BARBIERI, JJ.

*Vincent X. Yakowicz,* Deputy Attorney General, with him *J. Shane Creamer,* Attorney General, for Commonwealth, appellant.

*James Francis O'Malley,* with him *Yost & O'Malley,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 15, 1971:

The Commonwealth of Pennsylvania attempted to impose inheritance tax on four bank accounts which had been opened by the survivor, Violet Claire Herrod, in her name, and that of her brother, Robert E. Fisher, the decedent. Appellee filed a petition for citation sur appeal from assessment of inheritance tax. The owner of the accounts, the widow of the decedent, and the daughter of the decedent all testified that the decedent had been unemployed and in ill health for a number of years during which time he had been supported by his wife and daughter. The court found that the accounts had been set up for convenience in order to enable decedent to withdraw money on behalf of the survivor, who had also been in ill health. The court further found that the decedent never deposited money, never claimed ownership, and never had access to the bank books, although the usual account cards were signed by both the decedent and his sister. Based on these facts, the court determined that the presumption of a prima facie gift inter vivos by the decedent's sister

to the decedent had been overcome, and no part of the accounts was to be taxed as part of the decedent's estate.

The Commonwealth has appealed, emphasizing that we have held in many cases since *Commonwealth v. Nolan's Estate*, 345 Pa. 98, 26 A. 2d 308 (1942), that when two persons hold an account under an agreement which specifically provides that the property is jointly owned with right of survivorship, upon the death of one person, one-half of the account is taxable.

As we explained in *Fenstermaker Estate*, 413 Pa. 645, 198 A. 2d 857 (1964): "Certain well-settled principles in this area of the law must be kept in mind: (1) in the absence of fraud, accident or mistake, '[w]hen a depositor creates a joint savings . . . account with right of survivorship, and a signature card so stating is executed by both parties, these facts are prima facie evidence of a gift inter vivos by the depositor to the other, and of the creation of a joint tenancy with right of survivorship: [citing cases].': Furjanick Estate, 375 Pa. 484, 100 A. 2d 85; (2) in the absence of alleged or proven fraud, accident or mistake, if the wording of the savings account and the signature card executed in connection therewith reveals the intent of the depositor clearly and without ambiguity, parol evidence to show a contrary intent is inadmissible. . . ."

The fact that the decedent never saw the passbook makes no difference. *Engel Estate*, 413 Pa. 475, 198 A. 2d 505 (1964).

Appellee admits that the cases cited by appellant would control if there were written agreements governing each account on the record.[1] However, as appellee

---

[1] There is, of course, no logical reason why banks could not make available at least two types of signature cards. Both could allow the bank to treat either joint tenant as owner but one would be specifically marked "Convenience Account" and would not be an indication of a transfer of one-half of the account as a gift.

points out, there are no such written agreements on the record, although the Commonwealth's brief does contain a signature card from one of the accounts which it did not place in the record. The Commonwealth admits that no cards were placed on the record, but, by affidavit, a Commonwealth attorney contends that all were present at trial, were examined by the court, and were shown to the decedent's sister on cross-examination. Appellee's attorney also sent us an affidavit stating that he had never seen any account agreements until one was enclosed in the Commonwealth's brief, and that he has still not examined the other agreements.

As an appellate court, we are confined to the record. With no written agreement presented, there is nothing to show: "An intention to make an immediate gift and such an actual or constructive delivery to the donee (a) as to divest the donor of all dominion and control or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein." *Hosfeld Estate,* 414 Pa. 602, 202 A. 2d 69 (1964).

Decree affirmed, costs on appellants.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.