344 A.2d 806

**ESTATE of Elmina R. BRANT, Deceased.**

**Appeal of the COMMONWEALTH of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued June 26, 1975.

Decided Oct. 3, 1975.

Vincent J. Dopko, Deputy Atty. Gen., Harrisburg, for appellant.

Cassin W. Craig, Norristown, for appellee Lois H. Brownback.

Robert B. Brunner, Norristown, for appellee, Robert B. Evans, Executor of Est. of Elmina R. Brant, Dec'd; Wisler, Pearlstine, Talone, Craig & Garrity, Brunner, Conver & Glackin, Norristown, of counsel.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is another inheritance tax appeal, consuming judicial time and the litigants' resources, which might have been avoided had there been adequate explanation of the alternatives to and consequences of a joint tenancy savings account to a depositor who sought merely a convenience account. See *Gillespie Estate*, 462 Pa. 467, 341 A. 2d 471 (1975); *Olson Estate*, 447 Pa. 483, 291 A.2d 95 (1972); *Commonwealth v. Nolan's Estate*, 345 Pa. 98, 26 A.2d 308 (1942); *Cochrane's Estate*, 342 Pa. 108, 20 A. 2d 305 (1941).

In 1964 Lois H. Brownback (Depositor and appellee) opened a savings account with her own funds, naming her friend, Elmina R. Brant (Decedent), as joint tenant. It appears that the only reason for the joint account was to provide access to Depositor's savings if she should need them, at a time when she was unable, due to illness or other reasons, to make a withdrawal. No present or future transfer of any interest in the funds deposited was intended.

■ Decedent died in 1972. The Commonwealth assessed one half the joint account as an asset of her estate under section 241 of the Inheritance and Estate Tax Act of 1961.[1] Depositor appealed the assessment of the tax

1. Act of June 15, 1961, P.L. 373, art. II, § 241, 72 P.S. § 2485-241 (1964) provides in relevant part:
   "When any property is held in the names of two or more persons, or is deposited in a financial institution in the names

to the Court of Common Pleas of Montgomery County, Orphans' Court Division, which sustained her appeal.[2] It reasoned that section 241 does not apply where there is no actual transfer of any interest in the property "jointly" held.[3] In its opinion, the court noted that *Olson Estate*, 447 Pa. 483, 291 A.2d 95 (1972) (holding that in the absence of fraud, accident or mistake in opening the account, joint accounts of the type here at issue are taxable under the Inheritance and Estate Tax Act of 1961), was apparently controlling, but attempted to distinguish that case from the present situation.[4] As that cannot successfully be done, we reverse.[5]

> of two or more persons, so that, upon the death of one of them, the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such a right, upon the death of one of them shall be deemed a transfer subject to tax under this act, of a fractional portion of such property to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant."

2. The appeal was taken under the Inheritance and Tax Act of 1961, Act of June 15, 1961, P.L. 373, art. X, § 1001, 72 P.S. § 2485-1001 (1964).

3. "It is the allegation of Lois H. Brownback that decedent never had any rights of any sort, be they of ownership, control, access, use, income, benefit or however characterized, and that therefore Sec. 241 of the Act is not applicable. We are satisfied that the record supports this contention."

> 4. "The rationale of *Olson Est.* . . . was that the accounts were in point of law joint, with the right of survivorship, but [the trial court in *Olson* concluded] that they had been made so because of accident or mistake by the original owner of the money; the Court ruled, however, that accident or mistake had not been proven. Here, on the contrary, the claim is that the account never had such an effect, and that therefore the condition of Sec. 241 of the Act, requiring that the death of a joint tenant have the legal effect of conferring upon the surviving tenant or tenants a right which they did not previously have, does not apply. As we read it, the statute mandates that property must be held by two or more persons, '. . . so *that*, upon the death of one of them, the survivor or survivors have a right to the immediate ownership or

5. See note 5 on page 234.

In *Olson Estate,* as in this case, the surviving joint tenant had contributed all of the funds in a joint account. The orphans' court specifically found that the survivor had rebutted the presumption that he intended to make a gift to his deceased co-tenant, thus indicating that the account there was also a convenience account. Nevertheless, we held that one-half of the value of the account was taxable pursuant to section 241, stating:

"Section 241 in clear and specific language ['When any property . . . is deposited in a financial institution in the names of two or more persons . . . .'] imposes a tax upon a joint account with a right of survivorship, upon the death of one of the joint tenants. The enhanced 'right to the immediate

possession and enjoyment of the whole property.' (Emphasis supplied.) The death of decedent had no legal effect whatever upon the ownership of, or any rights to, the funds in this account, as Lois H. Brownback owned and possessed all of them continuously, both before and after the joint account had been opened. . . . Therefore, 'the death of one of' the joint tenants did not result in the transfer of any money or rights to Lois H. Brownback. It is true that the Supreme Court has stated that ownership principles are not wholly determinative of taxability, and clearly the Act is not drafted in strict terms of absolute ownership. However, contrary to the contention of the Commonwealth, we do not think that the footnote (no. 4) at p. 485 in *Olson Est.* . . . means that joint accounts which are purely for the convenience of the creator, and which are proven to be such by clear, precise and convincing evidence as in the present case, are nevertheless taxable. Until our Supreme Court does so hold specifically, thus entirely eliminating the issue of convenience accounts from inheritance tax law, we cannot find that a transfer occurs where the original owner of an account makes it joint for his own convenience solely and then survives his co-tenant, having never allowed the co-tenant any rights in or power over the account."

Today, we do hold specifically as we did in *Gillespie, Olson, Nolan,* and *Cochrane* "that joint accounts which are purely for the convenience of the creator, and which are proven to be such by clear, precise and convincing evidence" are taxable, "thus entirely eliminating the issue of convenience accounts from inheritance tax law" in the absence of fraud, accident or mistake.

5.  We hear this appeal under the authority of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp.1975).

ownership or possession and enjoyment of the whole property' thus accruing to the survivor is *deemed a statutory transfer* subject to tax.

. . . . . . .

"The Commonwealth having established the existence of these joint accounts with the right of survivorship, its claim to the tax could only be defeated by *clear and convincing proof that the accounts were created as a result of fraud, accident or mistake.*"

447 Pa. at 486–87, 291 A.2d at 97 (emphasis added);[6] accord *Gillespie Estate*, 462 Pa. 467, 341 A.2d 471 (1975); *Commonwealth v. Nolan's Estate*, 345 Pa. 98, 26 A.2d 308 (1942); *Cochrane's Estate*, 342 Pa. 108, 20 A. 2d 305 (1941).

■■ Here the signature card signed by Depositor and used to open the account read and appeared, in relevant part, as follows:

"We, intending to be legally bound hereby, open this account in the [saving fund], and agree that all monies deposited therein shall be PAYABLE TO EITHER OR THE SURVIVOR OF US and we also agree to the three provisions on the reverse side of this card."

There is no claim of fraud, and "[t]his Court has repeatedly held that in the absence of proof of fraud 'failure to read is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof.'" *Olson Estate*, 447 Pa. 483, 488, 291 A.2d 95, 98 (1972). Here, as in *Gillespie*, *Olson*, *Nolan* and *Cochrane*, there was no accident or mistake in the opening of the account. Depositor intend-

---

**6.** In *Olson Estate*, as here, "the trial court incorrectly assumed that liability for the Inheritance Tax was to be resolved by the legal principles governing ownership of joint tenancy interests. . . . The express statutory language *makes the ownership principles inapplicable to the question of tax liability under Section 241.*" 447 Pa. at 485–86 n. 4, 291 A.2d at 96 n. 4 (emphasis added).

ed to sign the card used to open the account. A careful reading of that card would have revealed the potential transfer. Neither a failure to read a card opening a joint tenancy account, nor ignorance of the tax consequences of such an account upon the death of one of the joint tenants, is an "accident or mistake" sufficient to avoid imposition of the tax. Depositor, therefore, has failed to provide "clear and convincing proof" that the account was "created as a result of fraud, accident or mistake."

Decree reversed and remanded for the entry of a decree consistent with this opinion. Each party pay own costs.

MANDERINO, J., filed a dissenting opinion in which NIX, J., joins.

MANDERINO, Justice (dissenting).

I dissent. The evidence in this case is clear that appellee never intended to transfer any ownership interests or rights to the decedent. The joint account had been set up as a convenience account only. Under Section 241 of the Act of June 15, 1961, P.L. 373, 72 P.S. § 2485–241 (1964), a transfer subject to tax is defined as the accrual of the right to the immediate ownership or possession and enjoyment of the whole property upon the death of one of the joint tenants. Since appellee never intended to transfer any money or rights to the decedent, she could not, upon the death of the decedent, have accrued any rights which she did not already possess. *See In re Estate of Gillespie*, 462 Pa. 467, 341 A.2d 471 (1975) (Manderino, J., dissenting). Thus, there was no transfer upon which the tax could be imposed.

NIX, J., joins in this dissenting opinion.