369 A.2d 1211

**In re ESTATE of Anna KOSTELNIK,
Deceased.**

**Appeal of COMMONWEALTH of Pennsyl-
vania, DEPARTMENT OF
REVENUE.**

Supreme Court of Pennsylvania.

Argued Nov. 19, 1976.

Decided Feb. 28, 1977.

Manderino, J., concurred in part and dissented in part and filed an opinion in which Nix, J., concurred.

Charles Widger, Asst. Atty. Gen., Lawrence Barth, Philadelphia, for appellant.

Thomas C. Kubelius, Richard F. Boyer, Bethlehem, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Anna G. Kostelnik died on December 14, 1973. The Commonwealth assessed an inheritance tax on four savings accounts and eleven savings and loan certificates

held in the names of decedent and her three daughters, appellees Irene, Helen and Annamae Kostelnik. The Commonwealth treated one-half the value of each account and certificate as subject to a six (6) per cent tax pursuant to section 241 [1] of the Inheritance and Estate Tax Act [hereinafter "the Act"]. The daughters appealed from the assessment to the orphans' court division of the court of common pleas. After a hearing, the court held that the savings accounts and certificates were not subject to the tax. The Commonwealth's exceptions were dismissed by the court en banc, and this appeal followed.[2] We affirm in part and reverse in part the decree of the orphans' court.

Section 241 of the Act imposes a tax on joint tenancy interests as follows:

"When any property is held in the names of two or more persons, or is deposited in a financial institution in the names of two or more persons, so that, upon the death of one of them, the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right, upon the death of one of them, shall be deemed a transfer subject to tax under this act, of a fractional portion of such property to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding death of the deceased joint tenant." [3]

Section 241 imposes a tax upon a joint account with a right of survivorship upon the death of one of the joint tenants. The right to immediate ownership or possession accruing to the survivor(s) is deemed a transfer

1. Act of June 15, 1961, P.L. 373, § 241, 72 P.S. § 2485–241 (1964). The total value of the assets is $77,419.54. The Commonwealth assessed a tax of $2,322.77.

2. We hear this case pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp.1976).

3. 72 P.S. § 2485–241 (1964).

subject to tax.   *Cochrane's Estate,* 342 Pa. 108, 20 A.2d 305 (1941).

### The Savings Accounts

The four savings accounts assessed by the Commonwealth were opened as joint accounts in 1938, 1940, 1947 and 1950 respectively.   The first two accounts were at the First Valley Bank of Bethlehem.   Decedent executed signature cards with Helen Kostelnik in 1938 and Irene Kostelnik in 1940 which provided:

> "We, the undersigned, hereby declare that we are joint owners of the money deposited  . . .  and are joint owners with the right of survivorship.  . . . [U]pon the death of either, the balance  . . . shall be the absolute property of the survivor."

The latter two accounts were at the Union Bank and Trust Co.   Decedent executed signature cards with Irene Kostelnik in 1947 and Annamae Kostelnik in 1950 which provided:

> "The undersigned  . . .  agree with the other  . . .  that all sums  . . .  heretofore or hereafter deposited  . . .  are and shall be owned by them jointly with the right of survivorship.  . . . Payment to or on check of the survivor shall be subject to the laws relating to inheritance succession taxes.  . . .  The rights  . . .  of the bank under this agreement shall not be changed  . . .  by said depositors  . . .  except by written notice to said bank  . . .."

Appellees concede that if the signature cards are effective, the savings accounts are subject to taxation under section 241 of the Act.   They assert, however, that they did not intend to create a joint tenancy with the right of survivorship.

■■   When a depositor creates a joint savings account with the right of survivorship and a signature card

to that effect is executed by the joint owners, the writing is the best indication of the parties' intent. *In re Estate of Gillespie*, 462 Pa. 455, 341 A.2d 471 (1975). If the writing is unambiguous, its terms, like that of any other contract, may not be contradicted by parol evidence, in the absence of fraud, accident or mistake. Id.; *In re Fisher*, 443 Pa. 419, 279 A.2d 754 (1971); *In re Fenstermaker's Estate*, 413 Pa. 645, 198 A.2d 857 (1964); *Furjanick Estate*, 375 Pa. 484, 100 A.2d 85 (1953). Fraud, accident or mistake must be proven by clear and convincing evidence. *In re Estate of Gillespie*, supra; *Amour Estate*, 397 Pa. 262, 154 A.2d 502 (1959); *Furjanick Estate*, supra; see *In re Estate of Olson*, 447 Pa. 483, 291 A.2d 95 (1972); *Commonwealth v. Nolan's Estate*, 345 Pa. 98, 26 A.2d 308 (1942).

Here, appellees executed an explicit, unambiguous writing which created a joint tenancy with the right of survivorship. They contend, however, and the trial court found, that the joint savings accounts were created by mistake. We do not agree.

Appellees attempted to prove that their true intent was to establish a convenience account and that they never intended to make decedent a part owner of the assets. When they opened the accounts, appellees did not read the signature cards and the cards were not explained at the time they signed them. Appellees also testified that if they had read the cards they would not have signed them because the accounts were opened solely to provide for emergency situations which never materialized.

To buttress their assertion of original mistake, appellees introduced evidence to show that their course of conduct was consistent with the original mistake. Appellees retained possession of the passbooks and never made a deposit or withdrawal for the decedent's benefit. Decedent made only one withdrawal, which was to pay the tuition of one of the appellees. All the money deposited in

these accounts was earned by appellees, who also paid the income taxes on the earnings from the accounts.

An examination of the evidence reveals that the sole evidence of mistake was appellees' failure to read the signature cards before signing them and their testimony that the consequences of a joint account were not explained to them. The course of conduct evidence merely indicates that appellees continued to act in accord with the subjective intent they now say they had when they executed the cards. Neither the source of the funds held in a joint account, the possession of the passbook solely by the survivor, decedent's failure to make a withdrawal on her own behalf or the fact that the joint account suited the convenience of the parties vitiates the legal effect of an unambiguous signature card which creates a joint tenancy. See *In re Estate of Gillespie*, supra; *In re Fenstermaker's Estate*, supra; *Commonwealth v. Nolan's Estate*, supra.

█ Appellees have not satisfied their burden of proving by clear and convincing evidence that the writing was executed as a result of a mistake sufficient to justify nullification of the writing and avoid imposition of the tax. We conclude that this case is controlled by our decision in *Estate of Brant*, 463 Pa. 230, 235–36, 344 A.2d 806, 809 (1975), where we stated:

> "Depositor intended to sign the card used to open the account. A careful reading of that card would have revealed the potential transfer. Neither a failure to read a card opening a joint tenancy account, nor ignorance of the tax consequences of such an account upon the death of one of the joint tenants, is an 'accident or mistake' sufficient to avoid imposition of the tax. Depositor, therefore, has failed to provide 'clear and convincing proof' that the account was 'created as a result of fraud, accident or mistake.' "

Accord, *In re Estate of Olson*, supra.

We conclude that the trial court erred in ruling that one-half the value of the joint savings account is not subject to the inheritance tax.

## Savings Certificates

Appellees Irene Kostelnik and Annamae Kostelnik also held savings certificates at the Wilbur Savings and Loan Association in the names of "Irene or Anna Kostelnik" and "Annamae or Anna Kostelnik." Originally, the two daughters opened installment savings accounts, which involved the deposit of a set sum each month. Upon maturity, a stock certificate of the savings and loan association issued. The stock certificate is essentially a savings account; dividends are paid on it by the savings and loan association.

When the accounts were opened, the two daughters requested that decedent's name be placed on the account. No signature cards or other writings setting forth the terms of the relationship between appellees and decedent were executed. The stock or savings certificates which later issued were automatically placed in the same names which appeared on the installment accounts.

The mere establishment of the accounts in two names, as here, does not conclusively establish a joint tenancy, taxable upon the death of one co-tenant. In the absence of a writing, unambiguously setting forth the terms of the agreement, parol evidence is admissible to establish that it was a convenience account. See *In re Fisher*, supra; *Furjanick Estate*, supra. The evidence supports the trial court's finding that decedent's name was added for convenience only: the daughters testified that they never intended to benefit decedent; all the money deposited was earned by the daughters; the daughters retained exclusive control of the certificates and paid the income taxes thereon; decedent had no knowledge of the amount represented by the certificates, their location or their serial numbers.

The trial court found that joint accounts within the meaning of section 241 of the Act were not created by these savings certificates. In *In re Fisher*, supra, upon similar facts, we affirmed a ruling that a bank account opened in two names was not taxable. We stated:

"*With no written agreement presented,* there is nothing to show:

'An intention to make an immediate gift and such an actual or constructive delivery to the donee . . . as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership of interest therein.' " (emphasis added).

443 Pa. at 422, 279 A.2d at 755–56, quoting *Hosfeld Estate,* 414 Pa. 602, 605, 202 A.2d 69, 71 (1964).

We therefore conclude that there is no basis to disturb the trial court's ruling that the savings certificates were not taxable under section 241 of the Act.

The decree of the trial court is affirmed as to the eleven savings certificates and reversed as to the four bank accounts. The case is remanded to the orphans' court for proceedings consistent with this opinion. Each party pay own costs.

MANDERINO, J., filed a concurring and dissenting opinion, in which NIX, J., joined.

JONES, J., did not participate in the consideration or decision of this case.

MANDERINO, Justice, concurring and dissenting.

I concur in the majority's conclusion that the savings certificates were not taxable under Section 241 of the Inheritance and Estate Tax. For the reasons stated in my dissenting opinion in *Estate of Brant,* 463 Pa. 230, 344 A.2d 806 (1975), and *Estate of Gillespie,* 462 Pa. 455,

341 A.2d 471 (1975), I dissent from the majority's conclusion that the four joint savings accounts were taxable under that Act.

NIX, J., joins in this concurring and dissenting opinion.