**In re James BERRY and Irene Berry, Debtors.**

**James BERRY and Irene Berry, Plaintiffs,**

v.

**DIAL CONSUMER DISCOUNT COMPANY, Defendant.**

**Bankruptcy No. 80–811.
Adv. No. 81–122.**

United States Bankruptcy Court, W. D. Pennsylvania.

June 16, 1981.

---

Marcia Lee Webb, Pittsburgh, Pa., for defendant Dial Consumer Discount Co.

Sidney R. Finkel, Pittsburgh, Pa., for plaintiffs James and Irene Berry.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

*FACTS*

On May 30, 1980 the debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On September 15, 1980 an Order granting the debtors a discharge was entered. On December 4, 1980 a discharge hearing, which debtors attended, was held pursuant to 11 U.S.C. § 524(d) and Local Rule 4004. On January 9, 1981 a standard form Order of Court was requested and issued by the Clerk of the Bankrupt-

cy Court detailing the provisions of the automatic stay under 11 U.S.C. § 362 and forwarded by the debtors to the plaintiff. Subsequently, Dial Consumer Discount filed a Complaint to Vacate the Order, alleging that the automatic stay had expired by virtue of the granting of the discharge. A hearing was held on January 22, 1980 on this issue. On January 27, 1981 the debtors filed a Complaint to Determine Dischargeability of the Dial Consumer Discount Company (hereafter "Dial") debt. On March 11, 1981 a hearing was held on this complaint. Mrs. Berry, Mr. Berry and Mr. Reynold, a manager of Dial, testified at this hearing. Mr. and Mrs. Berry testified that Mr. Berry did not sign the agreement at the Dial office but signed it at home. Debtors testified that they did not know the document they were signing was a mortgage.

## ISSUES

Whether the Automatic Stay under 11 U.S.C. § 362 is in effect after the Order granting discharge is entered?

Does a second mortgage accumulating debts have the status of a mortgage or is it only a judicial lien, even though it was recorded as a mortgage?

Whether a debtor can file a Complaint to Determine Discharge after the Order of Discharge has been entered and the discharge hearing held?

## DISCUSSION

When a petition is filed an automatic stay becomes effective which operates to enjoin, among other things:

"... (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. 11 U.S.C. § 362(a).

When the debtor filed his petition on May 30, 1980, this section operated to stay any action by the defendant.

Judge Washabaugh stated in *In re Bryne* that: "It is our view that the above provisions (§ 362(a)) of the Code are designed to protect property of the debtor as well as the estate, and to prohibit the enforcement of a lien securing a claim that arose before the commencement of the case regardless of whether it is entitled to priority or dischargeable." *In re Bryne*, 5 B.R. 556 (Bkrtcy., W.D.Pa.1980).

In attempting to interpret the provisions of § 362 it appears that property of the debtor (§ 362(a)(5)) is treated differently than property of the estate. The distinction is carried further in § 362(c) regarding the termination of the automatic stay. The stay under § 362 is not permanent. § 362(c) contains the explicit time limits governing the duration of the stay.

§ 362(c) provides:

Except as provided in subsections (d), (e) and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; and

(C) if the case is a case under Chapter 7 of this title concerning an individual or a case under Chapter 9, 11 or 13 of this title, the time a discharge is granted or denied.

The legislative history to this section states that paragraph (1) "... terminates a stay of an act against property of the estate when the property ceases to be property of the estate, such as by sale, abandonment or exemption. It does not terminate the stay

against the property of the debtor if the property leaves the estate and goes to the debtor." S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978) 52, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6299.

"Congress made it clear that a termination of Section 362(c)(1) 'does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor.' House Report at 343. This is because property in the hands of the debtor is independently protected by the provisions of Section 362(a)(5), which automatically stays a wide variety of actions against the debtor's property, including judicial or private foreclosures." In re Cornist, 7 B.R. 118, 120 (Bkrtcy., S.D.Calif.1980).

■ The House Report explaining the content of Section 362(c) clarifies the application of the section:

Subsection (c) of Section 362 specifies the duration of the automatic stay. Paragraph (1) terminates a stay of an act against property of the estate when the property ceases to be property of the estate, such as by sale, abandonment, or exemption. It does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor. Paragraph (2) terminates the stay of any other act on the earliest of the time the case is dismissed, or the time a discharge is granted or denied (unless the debtor is a corporation or a partnership in a chapter 7 case). H.R.Rep.No. 95–595, 95th Cong., 1st Sess. at 643 (1977), U.S.Code Cong. & Admin.News 1978, p. 6299.

Termination of the protection given in Section 362(a)(5) to property of the debtor would occur when the events in Section 362(c)(2) happen rather than the abandonment contemplated in (c)(1). See In re Cruseturner, 8 B.R. 581 (Bkrtcy., D.Utah 1981). The House Report stated that:

Paragraph (5) [of § 362(a)] stays any act to create or enforce a lien against property of the debtor, that is, most property that is acquired after the date of filing of the petition, property that is exempted, or property that does not pass to the estate, to the extent that the lien secures a prepetition claim. H.R.Rep.No.95–595, 95th Cong., 1st Sess. at 341 (1977), U.S. Code Cong. & Admin.News 1978, p. 6298.

"Unless earlier relief is requested by the creditor, the creditor may not repossess property, despite any abandonment by the trustee, until one of the three acts specified in § 362(c)(2) occurs . . ." In re Cruseturner, 8 B.R. 581, 592 (1981). The argument for this conclusion being that though property may be of inconsequential value to the estate it may be of value to the debtor and the automatic stay must continue in order to give the debtor the opportunity to salvage the property.

■ The procedure is clear: debtor files his bankruptcy petition under Chapter 7 and the automatic stay comes into effect pursuant to 11 U.S.C. § 362(a); in the petition the debtor declares his exemptions pursuant to 11 U.S.C. § 522; a trustee is duly appointed pursuant to 11 U.S.C. § 701; upon the trustee qualifying he may file a report objecting to the debtor's exemption (it is no longer necessary for the trustee to file a report since Bankruptcy Rule 403(b) has been abolished). If the trustee or a party in interest does not object to the debtor's exemption within 15 days after he qualifies, the exemptions are deemed approved pursuant to Bankruptcy Rule 403(e). Bankruptcy Rule 403(e) states:

(a) Claim of Exemptions. A bankrupt shall claim his exemptions in the schedule of his property required to be filed by Rule 108.

(b) Trustee's Report. The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowable. The report shall be filed with the court no later than 15 days after the trustee qualifies. If the trustee reports that any exemption claimed is not allowable, he shall forthwith mail or deliver copies of the report to the bankrupt and his attorney.

(c) Objections to Report. Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period. Copies of the objections so filed shall be delivered or mailed to the trustee and, if the objections are by a creditor, to the bankrupt and his attorney. After hearing upon notice the court shall determine the issues presented by the objections. The burden of proof shall be on the objector.

\* \* \* \* \* \*

(e) Approval of Report if No Objections. If no objections are filed within the time provided by this rule, the report shall be deemed approved by the court. On request, the court may at any time and without reopening the case, enter an order approving the report.

1978 Bankruptcy Code—Comment

The report required by subdivision (b) is abolished.

No time for filing objections to the debtor's claim of exemptions is specified. Until a new rule is promulgated this matter must be covered by a local rule or order pursuant to the grant in Rule 927.

Subdivision (e) has been restated as follows: "Unless a party in interest objects, the property claimed as exempt on such list is exempt."

Therefore, if property is claimed as exempt initially it becomes property of the estate, but revests in the debtor upon failure by any party to object to the exemption within a specified period of time.

■ Bankruptcy Rule 404 states the procedure for granting or denying a discharge. It provides:

(a) Time for Filing Complaint Objecting to Discharge. The court shall make an order fixing a time for the filing of a complaint objecting to the bankrupt's discharge under § 14c of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors.

(b) Notice. The court shall give at least 30 days' notice of the time fixed for filing a complaint objecting to the bankrupt's discharge under § 14c of the Act except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203, and to the trustee and his attorney, if any, to their respective addresses as filed with the court.

(c) Extension of Time. The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge.

(d) Grant of Discharge. On expiration of the time fixed for filing a complaint objecting to discharge, the court shall forthwith grant the discharge unless (1) a complaint objecting to the discharge has been filed, (2) the bankrupt has filed a waiver under Rule 405, (3) it appears that the bankrupt has failed to attend and submit himself to examination at the first meeting of creditors or at any meeting specially called for his examination, or (4) the prescribed filing fees have not been paid in full.

Local Rule 4004 in this district mandates that "within no more than 30 days after the entry of an order granting or denying a discharge . . . the court shall hold a hearing provided in § 524(d) of the Bankruptcy Code. Therefore, the automatic stay is no longer in effect upon the issuance of the Order of Discharge. Dial could proceed with any action it wishes after that time. We are in agreement with Judge Meyers, who held in *In re Cornist, supra,* that the automatic stay which came into effect upon the filing of a Chapter 7 petition terminated when the debtor received a discharge; and when a secured creditor sought a relief from stay after the Order of Discharge had been granted, Judge Meyers dismissed the petition for being moot.

■ On the issue of whether the mortgage held by Dial is valid, we hold that it is.

■ The burden is on the debtors to challenge the validity of Dial's mortgage lien. On its face the mortgage contained the indications of validity. The instrument in question, which was signed by the Berrys, clearly states that it is a mortgage and describes the real property in detail. It was signed, notarized, and duly recorded on March 12 and March 30, 1980. In *Peoples-Pittsburgh Trust Co. v. McCaffrey*, 336 Pa. 547, 9 A.2d 890 (1939), the Supreme Court of Pennsylvania held that a spouse who did not read a mortgage which she signed was as much bound by the instrument as though she had read it.

■ The law in Pennsylvania is clear that absent fraud or duress, a person who signs the agreement is bound by it. *Estate of Brant*, 463 Pa. 230, 344 A.2d 806 (1975); *Peoples-Pittsburgh Trust Co. v. McCaffrey, supra*. The plaintiffs did not present testimony showing fraud or duress. They may not have understood or read the document which they signed, but they are bound by it and cannot ask to be relieved of liability because of their own neglect.

## CONCLUSION

■ The automatic stay remains in effect as to property of the estate until such property is sold, abandoned, or exempted. § 362(c)(1). This section does not terminate the stay if the property leaves the estate and goes to the debtor. The debtor's property is protected by § 362(a)(5); the automatic stay as to this remains in effect until the case is closed, or when the case is dismissed or at the time the Order of Discharge is entered, whichever comes first. In this district it is likely that the first of these events to occur would be the issuance of the Order of Discharge. Consequently, when the Order of Discharge is issued, any act to create or enforce a lien against property of the debtor would no longer be automatically stayed and the parties may pursue whatever such actions are available.