**Boyd v. Milton S. Hershey Medical Center**

C.P. of Dauphin County, no. 2386 S 1993.

*Francis E. Marshall Jr.,* for plaintiffs.
*William A. Atlee Jr.,* for defendants.

TURGEON, *J.,* September 29, 1998—The issue before the court is whether defendants in a medical malpractice action may issue interrogatories to plaintiffs' medical experts in contemplation of a *Frye* hearing. We hold they may and compel plaintiffs to answer defendants' expert interrogatories.

## BACKGROUND

Plaintiffs allege that defendants negligently allowed Terri Boyd's second stage labor to extend too long without performing a cesarean section. As a result, her daughter, Stevie Baum, allegedly suffered perinatal asphyxia (oxygen deprivation) causing hypoxic ischemic brain damage which allegedly resulted in Stevie Baum's cerebral palsy. Earlier this year defendants filed a summary judgment motion arguing that plaintiffs' expert opinions as to causation—that perinatal asphyxia is a cause of cerebral palsy—was not an opinion generally accepted within the medical community and thus failed to meet the *Frye* test for admissibility. *Frye v. United States,* 293 F. 1013 (D.C. 1923) (adopted by Pennsylvania in *Commonwealth v. Topa,* 471 Pa. 223, 369 A.2d 1277 (1977)).[1]

---

1. "The *Frye* test represents an attempt to measure the quality of scientific evidence prior to admission, so that jurors are not misled by unreliable evidence. Our courts have considered this to be necessary

On July 27, 1998, I denied defendants' summary judgment motion, without prejudice. As plaintiffs correctly noted in opposing that motion, the record was devoid of information as to whether the underlying scientific basis for plaintiffs' expert opinions were generally accepted in the medical community.[2] On September 14, 1998, defendants propounded interrogatories specifically tailored to discover the foundation upon which plaintiffs' experts were relying to demonstrate general acceptance of their opinions. Plaintiffs objected to the interrogatories and defendants filed a motion to compel.

## LEGAL DISCUSSION

Plaintiffs argue defendants' requests are beyond the scope of permissible discovery of nonparty experts,

---

whenever science enters the courtroom, because 'there is the danger that the trial judge or jury will ascribe a degree of certainty to the testimony of the expert . . . which may not be deserved.' *Topa,* [471 Pa. at 230,] 369 A.2d at 1281. Therefore, because scientific testimony should aid jurors rather than mislead them, admissibility of scientific evidence depends upon 'the general acceptance of its validity by those scientists active in the field to which the evidence belongs.' *Id.* at 1281." *Blum v. Merrell Dow Pharmaceuticals,* 705 A.2d 1314, 1317 (Pa. Super. 1997). A two-pronged analysis is applied in determining whether experts' opinions are admissible: whether there is general acceptance in the medical/scientific community of the causal relationship as well as of the underlying methodology. *Blum* at 1322. See also, Pa.R.E. 702.

2. Plaintiffs responded that "defendants are entitled to an offer of proof, at the appropriate time and pursuant to the appropriate vehicle, to challenge plaintiffs' expert witnesses to provide a *Frye* basis. The time and the vehicle is not today and not the instant motion for summary judgment." Plaintiffs also stated that "[i]n the absence of any challenge to the scientific sufficiency of the basis from which plaintiffs' experts draw their conclusions on the issue of causation, plaintiffs' experts are not required to set forth in their reports citations to literature which demonstrate the scientific basis of their opinion."

set forth under Pa.R.C.P. 4003.5, which provides in relevant part as follows:

"(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

"(1) A party may through interrogatories require

"(a) any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

"(b) the other party to have each expert so identified by him state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogatories may file as his answer a report of the expert or have the interrogatories answered by his expert. The answer or separate report shall be signed by the expert.

"(2) *Upon cause shown, the court may order further discovery by other means,* subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate." Pa.R.C.P. 4003.5, 42 Pa.C.S. (emphasis added)

Plaintiffs argue expert interrogatories under Rule 4003.5(a)(1)(a) and (b) may only be issued if addressed to a party and may only require a party to have the expert state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Plaintiffs argue defendants' requests are flawed because they are addressed directly to the experts and also that the information sought goes beyond the experts' expected testimony and beyond a summary of the grounds for their opinions. Furthermore, plaintiffs argue they have already provided the required information under Rule 4003.5(a).

Defendants argue Rule 4003.5(a)(2) provides the court with authority to require plaintiffs to answer these interrogatories. We agree. That rule allows the court to order further discovery "upon cause shown." Defendants have certainly shown cause by seeking information in contemplation of a *Frye* hearing. Plaintiffs concede as well that at the "appropriate time and pursuant to the appropriate vehicle" it must meet the *Frye* test. See footnote 2. As trial is imminent, now is the "appropriate time" for resolution of the *Frye* issue. Thus, defendants are entitled to appropriate discovery in preparation for a *Frye* hearing, whether the device used be by interrogatory, deposition or otherwise. See *e.g., Checchio v. Frankford Hospital-Torresdale Division,* slip op. at 2, no. 3652 Phila. 1997 (Pa. Super. Sept. 22, 1998) (pursuant to trial court's order directing defendants to depose plaintiffs' experts regarding the "substance and foundation" of their proposed testimony, court ruled on defendants' summary judgment motion under *Frye*); *Wimberly v. Wyeth Laboratories Inc.,* 48 Lehigh L.J. 47 (1998) (as cited in 21 PLW 872) (on the basis of plaintiff's expert's deposition, court ruled on defendants' summary judgment motion under *Frye*).

Accordingly, we enter the following:

## ORDER

And now, September 29, 1998, defendants' motion to compel responses to interrogatories propounded upon plaintiffs' experts Zimmerman, Berman, Hunt and Murphy is hereby granted. Full and complete responses are due to defendants' counsel no later than October 13, 1998.

Upon appropriate motion by defendants, a *Frye* hearing will be held on Thursday, October 29, 1998 at 2:30 p.m.