## In re ESTATE OF Anna PETTENATI, Deceased.

## Department of Revenue, Appellant.

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 1999.
Decided Oct. 19, 2000.

Wendell G. Freeland, Pittsburgh, for appellant.

David M. Zimmerman, Indiana, for appellee.

BEFORE: DOYLE, President Judge, COLINS, Judge, McCLOSKEY, Senior Judge.

DOYLE, President Judge.

The Commonwealth of Pennsylvania, Department of Revenue (Commonwealth) appeals from an order of the Court of Common Pleas of Indiana County sustaining the appeal of Joseph Gabelli and holding that his bank account was not subject to Pennsylvania Inheritance Tax.

This appeal arises out of a savings account owned by Mr. Gabelli and Ms. Anna Pettenati, deceased, who was Gabelli's sister. Upon the death of Pettenati, the Commonwealth issued a Notice of Inheritance Tax addressed to Gabelli, assessing inheritance tax on one-half of the balance in the account. Gabelli timely appealed to the Court of Common Pleas of Indiana County which sustained the appeal. This appeal by the Commonwealth follows.

On February 6, 1991, a savings account was opened at the Savings & Trust Company of Indiana, Pennsylvania. The deposit account signature card set forth the owners of the account as "Joseph Gabelli, Jr. or Anna Pettenati." There was no designation as to whether the account was to be held as joint tenants with the right of survivorship or tenants in common, nor did it specify the relationship between Gabelli and Pettenati. The signature card was signed by both individuals even though only one signature was required. On April 2, 1997, Pettenati died. At the time of her death the account had a balance of $115,-187.81. The Commonwealth issued an Inheritance Tax assessment addressed to Gabelli on one-half of the balance of the account. The trial court concluded that the parties did not execute any explicit, unambiguous writings to establish the type of account the parties intended, and hence, admitted parol evidence to establish this intent.

The trial court found the following: At the time the account was opened, Gabelli received a savings account passbook which did not indicate the type of account. All of the deposits made into the account consist-

ed solely of Gabelli's funds. Furthermore, Pettenati never made any withdrawals from or deposits into the account, and she never had possession of the passbook. It was Gabelli's contention that he desired to create an account which would be payable to Ms. Pettenati following his death, which is commonly referred to as a "pay-on-death" account.[1] After a review of this testimony, the trial court concluded that it was the parties' intent to establish a pay-on-death account, and not a joint tenancy with right of survivorship, and therefore, the account was not subject to inheritance tax.

The Commonwealth asserts that the account was held as joint tenants with right of survivorship and is therefore subject to Pennsylvania Inheritance Tax pursuant to Section 2108 of the Inheritance and Estate Tax Act (Act), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 9108. Section 2108(a) provides:

> (a) When any property is held in the names of two or more persons or is deposited in a financial institution in the names of two or more persons so that, upon the death of one of them, the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right, upon the death of one of them, shall be deemed a transfer subject to tax of a fractional portion of such property to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant.

72 P.S. § 9108(a). This section essentially imposes a tax upon a joint account with right of survivorship at the death of one of the joint tenants. The Commonwealth argues that Gabelli's account was a joint tenancy with right of survivorship and that Pettenati was the joint tenant. To support this argument, the Commonwealth relies on Sections 6301 and 6304 of the Probate, Estates and Fiduciaries Code (Code).[2]

Specifically, the Commonwealth relies on the definition of "joint account" in Section 6301, and the respective rights of the estate of a deceased joint tenant and the surviving joint tenant as outlined in Section 6304. However, this chapter is only applicable to the determination of property rights among parties to multiple-party accounts, and does not apply to the *taxability* of account transfers. Section 6302 of the Code (dealing with the applicability of this chapter) provides, in pertinent part: "Nothing in this chapter shall affect the taxability of transfers under ... the 'Inheritance and Estate Tax Act of 1961.'" 20 Pa.C.S. § 6302.

 It is appropriate, therefore, to review the case law arising out of Section 2108 of the Act. The exact inheritance tax issue raised in this case has been litigated in our Supreme Court extensively, and certain well-settled principles in this area of the law were developed. When a depositor creates a joint account with the right of survivorship, and a signature card is executed which explicitly and unambiguously indicates that the account is a joint tenancy with right of survivorship, parol evidence to show a contrary intent is inadmissible. *See Fisher Estate*, 443 Pa. 419, 279 A.2d 754 (1971); *Fenstermaker's Estate*, 413 Pa. 645, 198 A.2d 857 (1964). However, where an account is established in two

---

1. The Uniform Probate Code defines a pay-on-death account as follows: " 'P.O.D. designation' means the designation of (i) a beneficiary in an account payable on request to one party during the party's lifetime and on the party's death to one or more beneficiaries, or to one or more parties during their lifetimes and on the death of all of them to one or more beneficiaries, or (ii) a beneficiary in an account in the name of one or more parties as trustee for one or more beneficiaries if the relationship is established by the terms of the account and there is no subject of the trust other than the sums on deposit in the account, whether or not payment to the beneficiary is mentioned." U.P.C. § 6–201(8).

2. 20 Pa.C.S. §§ 6301, 6304.

or more names, but there is either no signature card or the signature card is ambiguous as to the type of account, parol evidence is admissible to establish the parties' intent as to the type of account. *See In re Estate of Kostelnik*, 471 Pa. 94, 369 A.2d 1211 (1977). The rationale for this principle was outlined in *In re Estate of Caldwell*, 88 Pa.Cmwlth. 259, 489 A.2d 955 (1985), where this Court stated:

> The best evidence of the parties' intent is the agreements they signed when they established their joint accounts and certificates of deposit. These agreements are legally binding contracts, and like any other contract, if their terms are unambiguous, they may not be contradicted by parol evidence in the absence of clear and convincing evidence of fraud, accident or mistake.

*Id.* at 957 (citations omitted). A review of cases in this area of the law will illustrate our decision here.

There is a line of cases under the Act which deals with the situation where the parties open a joint account and there exists a signature card which explicitly indicates that the account is a joint tenancy with right of survivorship. For example, in *Estate of Brant*, 463 Pa. 230, 344 A.2d 806 (1975), the depositor opened a savings account with her own funds and named her friend as joint tenant. There was no other written document expressing an intention to immediately transfer any interest in the funds or in the future. However, the signature card, which was signed by the depositor, read, in relevant part:

> We, intending to be legally bound hereby, open this account in the [saving fund], and agree that all monies deposited therein shall be PAYABLE TO EITHER OR THE SURVIVOR OF U.S. and we also agree to the three provisions on the reverse side of this card.

*Id.* at 235, 344 A.2d at 809. It was clear from the language of the signature card that this account was set up as a joint tenancy with right of survivorship, and that the depositor signed the card. Therefore, the Court held that the account was subject to inheritance tax and that parol evidence was inadmissible to show a contrary intent. The Court also concluded that, "a failure to read a card opening a joint tenancy account ... is [not] an 'accident or mistake' sufficient to avoid imposition of the tax." [3] *Id.*

Conversely, there are cases under the Act where a joint account is established, but there is either no signature card or the card is ambiguous as to the type of account established. In this type of case, our Supreme Court has held that parol evidence is admissible to ascertain the intent of the parties regarding the type of account they intended to create. If the parties intended to create a convenience account or a pay-on-death account, then the account would not be subject to tax.

A case that illustrates both principles of law is *Kostelnik* where there were four savings accounts which were opened as joint accounts. The parties executed signature cards which explicitly stated that the owners of the account hold the money as "joint owners with the right of survivorship." *Id.* at 98–99, 369 A.2d at 1213. Appellees in that case conceded that if the signature cards were effective, the savings accounts were subject to taxation under the Act. Appellees contended, however, that they did not *intend* to create a joint tenancy. The Supreme Court held that the accounts were subject to tax because the signature card contained explicit language which set forth the account as a joint tenancy with the right of survivorship. The Court further held that the failure of Appellees to read the signature card was not sufficient to establish a mis-

---

**3.** *See also In re Estate of Gillespie*, 462 Pa. 455, 341 A.2d 471 (1975); *In re Estate of Olson*, 447 Pa. 483, 291 A.2d 95 (1972); and *Caldwell*, where, based upon similar facts as

*Brant*, the Courts ruled that the accounts were taxable because a signature card explicitly set forth that the accounts were joint tenancies with the right of survivorship.

take as "to justify nullification of the writing and avoid imposition of tax." *Id.* at 100, 369 A.2d at 1214.

In that same case there was also an issue as to whether savings certificates were subject to inheritance tax. The Court first concluded that savings certificates were essentially the same as a savings account, and thus require the same analysis.[4] In this situation, the savings certificates were set up as joint accounts but there were *no* signature cards evidencing the terms of the relationship between appellees and the decedent. The Court stated that:

> The mere establishment of the accounts in two names, as here, does not conclusively establish a joint tenancy, taxable upon the death of one co-tenant. In the absence of a writing, unambiguously setting forth the terms of the agreement, parol evidence is admissible to establish that it was a convenience account.

*Id.* at 101, 369 A.2d at 1214. Given the absence of a signature card with regard to the savings certificates, the Court permitted parol evidence to determine the intent of the parties. As a result, the Court concluded that there was sufficient evidence to support the trial court's finding that the decedent's name was added for convenience only.[5]

In the present case, Gabelli opened a savings account and put his sister's name on the account, but signed signature cards without indicating the type of account he wished to establish. Consequently, this situation is similar to that of the savings certificates in the *Kostelnik* case and parol evidence was admissible to establish the type of account the parties intended to establish. The trial court's decision in this regard was absolutely correct.

4. The Commonwealth argues that *Kostelnik* is inapplicable because the relevant part of the case deals with savings certificates. This argument is without merit because the Court determined there is no substantive difference between a savings account and savings certificates.

Furthermore, the evidence supports the trial court's finding that it was Gabelli's intent to open a pay-on-death account where Pettenati would receive the funds only upon his death. Gabelli testified that he intended to establish a pay on death account, that Pettenati was not to engage in transactions with the account, that all of the money deposited in the account was his money, and that Pettenati had no knowledge of the amount in the account or control over the passbook. All of this evidence supports the trial court's finding that Gabelli intended to create a pay-on-death account and not a joint tenancy with the right of survivorship.

Accordingly, we affirm the judgment of the Common Pleas Court.

### ORDER

**NOW,** October 19, 2000, the order of the Court of Common Pleas of Indiana County in the above-captioned matter is hereby AFFIRMED.

5. *See also Fisher,* where the Supreme Court affirmed a ruling that a bank account opened in two names was not taxable where there was no signature card in the record.