401 A.2d 733

**In re ESTATE OF John C. BOWSER, Deceased, Late of Pine Township, Armstrong County, Pennsylvania.**

**Appeal of Margaret TATSAK, Executrix of the Estate of John C. Bowser, Deceased.**

Supreme Court of Pennsylvania.

Submitted March 6, 1979.

Decided May 1, 1979.

James G. Callas, Callas & Graff, Kittanning, for appellant.
Blair F. Green, Green & Bish, Kittanning, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

John C. Bowser died testate on November 17, 1973. His will provided that his living children and the surviving spouse of his deceased child "share and share alike" in his estate. On December 9, 1974, his daughter, appellant Margaret Tatsak, executrix of the decedent's estate, filed a first and final account of the estate in the Orphans' Court Division of the Court of Common Pleas of Armstrong County. Appellees excepted to appellant's failure to include in decedent's estate the proceeds of a joint savings account. Appellant contended that she had been given, as an inter vivos gift, a joint tenancy with right of survivorship in the account and that as survivor the proceeds were hers and not part of decedent's estate. The court sustained appellees' exception.

This Court vacated the decree and remanded for an evidentiary hearing on the circumstances of the opening of the account and the contents of the signature card which created it. 470 Pa. 154, 367 A.2d 1088 (1977). After a hearing, the orphans' court again sustained appellees' exception and held that the proceeds of the joint savings account belonged to the estate. The orphans' court concluded that decedent did not intend to make an inter vivos gift, but rather intended to create a "convenience account" to enable appellant to pay his bills.

The only question before the Court is whether, in light of the joint tenancy with right of survivorship signature card, the evidence is sufficient to support the orphans' court's conclusion that appellees satisfied their burden of showing by clear, precise and convincing evidence that decedent did not make a gift inter vivos to appellant-survivor. We hold that it is not and reverse. Our determination of the issue presented is guided by two well-established legal

principles: (1) Execution of a signature card creating a joint savings account with a right of survivorship is sufficient to establish an inter vivos gift to the joint tenant by the depositor of the funds; (2) Introduction into evidence of a duly executed joint account signature card shifts the burden of proof to those who seek to bar enforcement of the survivorship terms of the writing and they must meet that burden with clear, precise and convincing evidence.[1] E. g., *Estate of Lux*, 480 Pa. 256, 389 A.2d 1053 (1979); *Estate of Cilvik*, 439 Pa. 522, 267 A.2d 836 (1970); *Fenstermaker Estate*, 413 Pa. 645, 198 A.2d 857 (1964); *Furjanick Estate*, 375 Pa. 484, 100 A.2d 85 (1953).

■ At the evidentiary hearing, appellant introduced into evidence the duly executed Armstrong County Trust Co. signature card which created the account here in controversy.[2] Thus, our task is to review whether the evidence relied

1. See 20 Pa.C.S.A. § 6304 (Supp.1978–79), effective September 1, 1976, requiring "clear and convincing evidence of a different intent at the time the account is created."

2. The front side lists the conditions under which the bank agrees to accept deposits and to collect items. The other side reads:

JOINT ACCOUNT—PAYABLE TO EITHER OR SURVIVOR

IT IS AGREED AND UNDERSTOOD THAT ANY AND ALL SUMS THAT MAY FROM TIME TO TIME STAND ON THIS ACCOUNT, TO THE CREDIT OF THE UNDERSIGNED DEPOSITORS, SHALL BE TAKEN AND DEEMED TO BELONG TO THEM AS JOINT TENANTS AND NOT TENANTS IN COMMON. WHILE BOTH JOINT TENANTS ARE LIVING, EITHER MAY DRAW AND IN CASE OF THE DEATH OF EITHER, THIS BANK IS HEREBY AUTHORIZED AND DIRECTED TO DEAL WITH THE SURVIVOR AS SOLE AND ABSOLUTE OWNER THEREOF.

EACH DEPOSITOR AUTHORIZES THE OTHER TO INDORSE FOR DEPOSIT IN THE JOINT ACCOUNT ANY INSTRUMENT PAYABLE TO HIS ORDER, OR TO THE ORDER OF EITHER OR ALL JOINT DEPOSITORS.

IT IS ESPECIALLY AGREED THAT WITHDRAWAL OF FUNDS BY THE SURVIVOR SHALL BE BINDING UPON US AND UPON OUR HEIRS, NEXT OF KIN, LEGATEES, ASSIGNS AND PERSONAL REPRESENTATIVES.

PAYMENT TO OR ON RECEIPT OR CHECK OF THE SURVIVOR SHALL BE SUBJECT TO THE LAWS RELATIVE TO INHERITANCE AND SUCCESSION TAXES AND ALL RULES AND REGULATIONS MADE PURSUANT THERETO.

WITNESS OUR HANDS AND SEALS THIS _____ 17 _____ DAY OF _July_ _____ 19 23

WITNESS:

*Loretta Robinson* _____ *John L. Bower* (SEAL)

*Loretta Robinson* _____ *Margaret Patsab* (SEAL)

JOINT ACCOUNT—TWO OR MORE SIGNATURES REQUIRED

ALL MONEYS NOW OR AT ANY TIME DEPOSITED BY US, WITH THIS BANK TO THE CREDIT OF THIS ACCOUNT, ARE AND SHALL BE SO DEPOSITED BY US AND RECEIVED BY THE BANK UPON THE FOLLOWING TERMS AND CONDITIONS OF REPAYMENT, NAMELY. THAT THE AMOUNT THEREOF SHALL BE PAID BY THE BANK TO US OR, UPON THE WRITTEN ORDER OF ANY _____ SUCH PERSONS SO ENTITLED TO PAYMENT: AND WITHOUT REFERENCE TO THE ORIGINAL OWNERSHIP OF THE MONEYS DEPOSITED. ALL WITHDRAWALS MUST CONTAIN _____ OF THE FOLLOWING SIGNATURES.

1/72 SMITH PRINTING CO. WILLIAMSPORT, PA. 475517

on by appellees was sufficiently clear, precise and convincing to "rebut the presumption of a gift inter vivos raised by the signed signature card." *Lux Estate*, 480 Pa. at 265, 389 A.2d at 1058; see also *Gladowski Estate*, 483 Pa. 258, 396 A.2d 631 (1979).

All the testimony introduced at the hearing was consistent with the creation of an inter vivos gift. Appellant testified that her father, who was not in good health, had intended for some time to "add her name" to his savings account. Appellant testified that her father intended to and did give to her a present interest in the joint account, that she did not intend to use the money for herself until her father died, that her father understood that at his death she would be the sole owner of the funds in the account, that he never told her what to do with the interest in the bank account he gave her, that he trusted her to take care of him, and that he viewed the gift as advantageous and convenient and that, if the need arose, she would take care of his expenses. There were no withdrawals from this joint account during decedent's lifetime.

Nothing in the testimony of the teller who witnessed both signatures to the joint account agreement on the back of the signature card supports the conclusion that decedent did not have the requisite donative intent. The teller testified that the "usual procedure" was to ask the depositors if they wanted to sign the agreement and to explain that the agreement provided that the balance of the account would go to the survivor. The teller was certain that she had explained to appellant the import of signing the back of the card. Her recollection was that she may have given the explanation to both appellant and the decedent as they were standing before her booth or that she may have given it to the daughter alone, who then called her father to the teller's booth. In the latter event, the teller could not recall whether she then gave another explanation to the decedent. The teller testified that she could not remember whether she

went through the "usual procedure" with the decedent, she did say however, "that's why my signature is on the back." Appellant testified that her father was standing beside her when the teller gave the explanation. The teller witnessed both signatures to the joint account with right of survivorship agreement by affixing her signature to the left of each of the joint tenant's signatures.[3]

Appellees introduced evidence that after the decedent's death and immediately after taking her oath as executrix, appellant vowed never to tell the truth about "anything, money or anything." (Appellant denied ever having made such a statement.) Although this evidence, if believed, might justify discounting appellant's testimony, it cannot, in itself, sustain appellees' burden of showing decedent did not make an inter vivos gift to appellant.

■ There is nothing else in this record—and much more would be required—to support the orphans' court's conclusion that appellees established by clear, precise and convincing evidence that decedent, in executing the written "Joint Account—Payable to Either or Survivor" signature card agreement, had no donative intent. The record fails to disclose an intent to create what has come to be called a "convenience account,"[4] rather than a gift inter vivos.

Decree of the orphans' court reversed. Each party pay own costs.

3. See n. 2, supra.

4. In a "convenience account," although the depositor permits another to withdraw funds from the account, he authorizes and/or intends that such withdrawals be exclusively for his benefit and at his request. See e. g., *Gladowski Estate*, supra; *Cilvik Estate*, supra.