Smith, Appellant, *v.* Smith.

Argued April 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Ralph J. McAllister*, with him *McAllister & McAllister*, for appellant.

*Samuel J. Goldstein*, for appellee.

OPINION BY CERCONE, J., June 22, 1971:

This appeal is from an order of the lower court dissolving writ of attachment execution and striking judgment against garnishee bank on a finding that defendant husband had no interest in the attached bank account.

In this case Mary Smith entered judgment against her husband Frank Smith for arrearages in a nonsupport case in the sum of $1,172.00 and then caused to be issued an attachment execution against the assets of her husband. One of the funds attached was a bank deposit standing in the name of her husband and his sister Frances Smith as joint tenants with right of survivorship. The garnishee bank, in its answer to the wife's interrogatories, admitted it had such an account in the name of the husband and his sister, but alleged it was not able to determine ownership of the fund so on deposit. On the basis of these interrogatories and the answers thereto, the lower court, upon the wife's

petition, entered judgment against the bank for the amount of $1,172.00.

The husband petitioned to open the judgment for arrearages and to open the judgment against the garnishee bank. The testimony of Frances Smith, the husband's sister, was taken by deposition, after which the lower court filed an opinion holding that the evidence adduced by the sister in her deposition clearly demonstrated Frank Smith had no ownership of any part of the fund on deposit. However, the lower court was of the view that it could not enter a final order in the matter until the owner of the fund, Frances Smith, made claim to it.

Subsequently, Frances Smith did file a petition for rule to strike the judgment against the garnishee bank and to declare that judgment null and void. The lower court then filed a final order in which, in accordance with its earlier opinion, it found the defendant husband Frank Smith to have no interest in the fund and ordered the judgment against the bank dismissed.

The wife plaintiff has appealed to this court, claiming it was error for the lower court to so find that her husband had no interest in the bank fund. She argues that the signature card and joint account card establish her husband's interest therein as a joint tenant. The precise wording of that card, signed by both Frances Smith and her brother Frank, the defendant husband, is as follows:

"JOINT SAVINGS ACCOUNT S 280 70

1. Smith, Frances E.
2. Smith, Frank

Subject to order of either

The undersigned hereby apply for a savings account in First Federal Savings and Loan Association of Homestead, Pa., in the joint names of the undersigned, as joint tenants, with the right of survivorship, and not

as tenants in common.* Specimens of the signatures of the undersigned are shown below and the Association is hereby authorized to act without further inquiry in accordance with writings bearing either such signature, it being understood and agreed that any one of the undersigned who shall first act shall have the power to act in all matters related to the membership and any account in said Association held by the undersigned whether the other person or persons named in the account be living or not. The withdrawal or redemption value of any such account or other rights relating thereto may be paid or delivered in whole or in part to any one of the undersigned, who shall first act, and such payment or delivery or a receipt or acquittance signed by any one of the undersigned shall be a valid and sufficient release and discharge of said Association,

Signature (1)    Frances E. Smith
Signature (2)    Frank Smith
Street Address    428 Beckman Drive
City and State    McKeesport, Pa.
Telephone No.          Occupation (1)
Dated: February 3, 1964      Introduced By ——————

* Joint tenants, with right of survivorship, constitute one member, as a partnership constitutes one member."

Joint bank accounts have been the subject of much litigation in Pennsylvania, and the applicable principles of law have been clearly defined by the decisions of the Pennsylvania Supreme Court. The principles here governing were succinctly summarized in *Berdar Estate,* 404 Pa. 93, at page 95 (1961): "When a depositor creates a joint savings account with right of survivorship, and a signature card so stating is signed by both parties, a prima facie inter vivos gift to the other party and of the creation of a joint tenancy with

right of survivorship is established: Furjanick Estate, supra; Lochinger v. Hanlon, 348 Pa. 29, 33 A. 2d 1. *However, where the deposit and signature card contain nothing more than a statement that a joint tenancy with right of survivorship is created, other evidence is admissible to establish the lack of donative intent on the theory that the deposit, accompanied by such a writing, and nothing more, is incomplete and equivocal:* Amour Estate, 397 Pa. 262, 267, 154 A. 2d 502; Furjanick Estate, supra; Fell Estate, 369 Pa. 597, 87 A. 2d 310." (Emphasis that of the court.)

In applying the above rule to the instant case we have no hesitancy in affirming the lower court's right to take into consideration the oral testimony of Frances Smith respecting this account.

There is nothing in the language of the signature and joint account card that conclusively establishes Frank Smith's ownership of all or part of the funds on deposit. The signature and joint account card simply sets forth the creation of a joint tenancy with right of survivorship, which as stated in *Berdar Estate,* supra, and cases therein cited, is incomplete and equivocal in the pronouncement of the fact of true ownership.

Parol evidence having been properly admissible, the question remains: Did the testimony of Frances Smith overcome the prima facie gift inter vivos established by signature and joint account card by proof that was "clear, direct, precise and convincing"? *Brozenic Estate,* 416 Pa. 204, at page 207 (1964). We believe the lower court properly held it did. Frances Smith testified that she created the joint account by depositing therein her own funds which were monies she had received for her benefit from her mother and another brother, as well as monies which were returns of loans she had made. None of the monies deposited belonged to Frank Smith. Frank and Frances lived in different

homes, and when Frances set up the account she brought the signature card to Frank for his signature, explaining to him that he would be the beneficiary in case of her death. He never had the passbook (which was kept at all times by Frances) and never made any deposits in or withdrawals from the account. He never knew how much was on deposit. Frances said it was her intention not to make him a present gift of any part of the funds on deposit. She stated her intention as follows: "Q. Was it your intention, then, he would receive the proceeds of the savings account only in the event of your death? A. In the event of the death, that's right; but the only thing is, I didn't know if I was going to use it before or anything. I just had that on for protection, that was all; in case I'd get killed driving and somebody else would get it in the family."

In our view the testimony of Frances Smith was sufficiently clear, precise and convincing to overcome the prima facie inter vivos gift of any part of the fund to Frank Smith, the defendant here. The testimony formed a legally sufficient basis for the lower court's finding that the defendant husband had no interest in any part of the funds attached.

Our review of the record leads us to conclude that the lower court properly granted the defendant husband's petition to open the judgment against the garnishee bank and properly entered an order dissolving the writ of attachment execution and striking the judgment against the garnishee bank. We find no prejudicial error in the procedure followed or the result reached.

Affirmed.