425 A.2d 456

**Paul HUBER, Henry Wagner, Richard Wagner, Earnest Cricks, Walter Wagner, Andrew Wagner and Louis Wagner, Appellants,**

**v.**

**James A. WAGNER, Amelia C. Wagner, Bernard J. Huber and Kathryn B. Huber.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed Feb. 13, 1981.

134

Charles P. Mackin, Jr., Coudersport, for appellants.

Daniel F. Glassmire, Coudersport, for James A. Wagner and Amelia C. Wagner, appellees.

Kathryn B. Huber, appellee, in pro. per.

Bernard J. Huber, appellee, in pro. per.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

PER CURIAM:

This is an appeal from an order of the Court of Common Pleas of Potter County, dismissing appellants' complaint with prejudice.

Appellants, six adult individuals, filed a complaint in equity against appellees, four adult individuals, asserting the following: That by deed dated October, 1936, all appellants and appellees James A. Wagner and Bernard J. Huber purchased from John Compton, et ux., a certain parcel of land in Potter County. The deed, however, named only appellees Wagner and Huber grantees.

Appellants allege that the named grantees (i. e., appellees) were to act as trustees for the minor grantees (appellants herein). The complaint further alleges that in 1977, appellee Huber sold his interest to appellee Wagner and that appel-

---

* Judge Vincent A. Cirillo, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

lants have reason to believe that appellees currently intend to sell the land or commit acts of waste thereon.

Appellees filed preliminary objections to this complaint in the nature of a demurrer and motion for more specific pleading. The court, while sustaining the objections, granted appellants leave to amend the complaint. In the amended complaint, appellants assert that a constructive trust arose in their favor because they each contributed $50.00 to the purchase price, the parties over the years agreed to leave the deed in appellees' names for convenience, and appellees' conduct over the years indicated their willingness to act on appellants' behalf.

Appellee Wagner filed preliminary objections to the amended complaint asserting that the complaint was a bare allegation of a legal conclusion, to-wit, that a trust existed without asserting any of the terms of it. Appellee Wagner also asserted the defense of laches.

The court after discussing numerous procedural irregularities, dismissed the complaint based on its reasoning that no facts were pleaded which supported the allegation that a trust was created by the original transaction or that one arose from the parties conduct over the years. From that determination, comes this appeal.

Appellants assert that the court erred in sustaining the preliminary objections of appellees where the complaint clearly stated a cause of action.

In the amended complaint, appellants assert that a constructive trust should arise in their favor because of certain actions of appellees. On the facts asserted, however, we agree with the determination below that the facts are insufficient to support a cause of action.

■ In order to enforce a trust in realty, the Statute of Frauds requires that it (the trust) be proved in no other way than by a writing. *Davis v. Hillman*, 288 Pa. 16, 135 A. 254 (1926).

There is no dispute that no writing exists which evidences the agreement alleged by appellant. Thus any theory propounded which relates to normal trust law must fail.

Appellant has asserted that sufficient facts were alleged to support a cause of action for equitable imposition of a constructive trust.

A "constructive trust" is one created by equity to prevent unjust enrichment or to redress a wrong. *Metzger v. Cruikshank*, 162 Pa.Super. 280, 57 A.2d 703 (1948). It exists whenever one holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. *Mellon Nat'l. Bank & Trust Co. v. Esler*, 357 Pa. 525, 55 A.2d 327 (1947).

A constructive trust normally arises out of circumstances evidencing fraud, accident, mistake, duress or undue influence. *Yohe v. Yohe*, 466 Pa. 405, 353 A.2d 417 (1976).

Instantly we find no allegation by appellants in their complaint that title to the property was gained as a result of fraud, mistake, accident, duress or undue influence. Nor is there any allegation that appellants relied on conduct or assertions of appellees, to their detriment. Thus, we see no basis for equitable imposition of a "constructive trust".

In support of their assertion that it was improper to dismiss the complaint, appellants constantly refer to factual issues unresolved, relating to the course of conduct between the parties over the years and certain duties owed by appellees.

We recognize that a demurrer to a complaint cannot be sustained where there is any factual dispute, since, of course, a demurrer admits all well-pleaded facts. *Papieves v. Kelly*, 437 Pa. 373, 263 A.2d 118 (1970).

Here, however, the "facts" disputed relate to the supposed creation of an "oral trust" and not to any facts which would support imposition of a "constructive trust".

Since we have already discussed the fact that an oral trust in realty must be in writing to be enforced, we find these arguments unpersuasive.

Finally, in absence of any of the above infirmities, we find no allegation that appellees have engaged in a course of conduct which is any different than that which they have pursued since the land was originally purchased.[1]

■ Appellants do not allege they are now enjoined from use of the land. Their only contention is that since only one of the original title holders owns the land, it would be easier for him to sell it to a third person; cause for concern on their part, perhaps, but not a basis for legal action.

■ In conclusion, we find the lower court's dismissal of the complaint proper. However, during the pendency of this appeal, appellants filed a Petition for Remand for the purpose of conducting an evidentiary hearing on the basis of allegedly after-discovered evidence. Inasmuch as such evidence may provide a basis for amending the complaint so as to set forth a valid cause of action, this case will be remanded for the purpose of conducting such a hearing and thereafter permitting an amendment to the complaint if the court below deems such relief appropriate. If, in the opinion of the court below, the hearing does not produce such evidence as will provide a basis for amending the complaint, the petition will be dismissed. (See Am.Jur.2d, Appeal and Error §§ 962, 971, 977).

The trial court's order dismissing appellants' complaint is affirmed.

The record is remanded to the lower court for an evidentiary hearing on appellants' petition alleging after-discovered evidence. Jurisdiction is relinquished by this court.

1. Indeed, since there is no allegation that appellants' conduct is any different now than it has been since the original purchase in 1936, if we hold that appellants have an actionable cause, surely it must be barred by laches, since presumably it arose a considerable time ago.

We note in passing that the lower court also dismissed the action on the basis of laches. Here, we need not discuss laches, since we find no cause of action stated.