515 A.2d 562

**Helen BALAZICK, Appellant,**

v.

**Lois B. IRETON, Appellee.**

Superior Court of Pennsylvania.

Argued June 24, 1986.

Filed Aug. 15, 1986.

Reargument Denied Oct. 14, 1986.

William R. Nalitz, Waynesburg, for appellant.

George B. Stegenga, Washington, for appellee.

Before BROSKY, DEL SOLE and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This is an appeal from an order directing appellee to return certain funds to appellant but imposing a trust thereon in favor of appellee. Because we find the imposition of a trust to be in error, we affirm in part and reverse in part.[1]

Appellant is the mother of appellee and four other children. In the spring of 1980, appellant and her husband Charles purchased five repurchase agreements (repos) from the First National Bank of Wheeling, each in the face amount of $54,000.00. Three of the repos were in the name of Charles and one of the children; the remaining two were placed in the name of appellant and each of the two remaining children. The funds here in question were in the name of appellant and appellee. No signature cards were executed in connection with the repos; appellant and her husband kept all the paperwork in their possession; and all the funds contributed to the repos were funds belonging solely to appellant and her husband. When Charles died on November 9, 1982, the repos bearing his name and each of the

---

1. The court's order provides, in relevant part:

> AND NOW, this 17th day of July, 1985, the defendant, Lois B. Ireton, is directed to account to this Court forthwith for the principal sum of $72,966.59, and all interest earned or that could have been earned therefrom, within thirty days of this order, and shall surrender said sum to the plaintiff to be reinvested in a Repo, or other type of investment, in the names of Helen Balazick or Lois B. Ireton in an amount not less than $72,966.59.

> The plaintiff, Helen Balazick, may utilize any or all of the interest earned by the certificate for her own personal use, but shall not invade the principal without order of this Court.

.     .     .     .     .

three children were distributed to the survivors. Problems then arose in the relationship between appellant and her oldest son and appellee. Thereafter, on March 3, 1983, appellee removed the receipt for the repo from her mother's desk, had her mother's name deleted and withdrew the money from the bank. Appellant brought this action for the return of the funds.

■ The court below held that the funds belonged to appellant and that appellee had wrongfully taken them. The mere fact that both names were placed on the repos does not conclusively establish a joint tenancy. *Estate of Kostelnik*, 471 Pa. 94, 369 A.2d 1211 (1977). The testimony of both parties clearly established that appellant did not intend to make a present gift of the funds but merely to provide a simplified way for appellee to receive the funds upon appellant's death. *See, Smith v. Smith*, 219 Pa.Super. 112, 280 A.2d 626 (1971). Therefore, the funds remained the property of appellant and appellee had no present interest in them. *Id.*

■ There is no basis in the record, however, for the imposition of a constructive trust. Such a trust exists whenever one holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. *Huber v. Wagner*, 284 Pa.Super. 133, 425 A.2d 456 (1981). It may arise where there is a breach of confidential relationship by the transferee or out of circumstances evidencing fraud, duress, undue influence or mistake. *Denny v. Cavalieri*, 297 Pa.Super. 129, 443 A.2d 333 (1982). Before a constructive trust can arise, however, it is necessary that the owner of the property must have acquired title to it in some way that creates the equitable duty in favor of the person who would benefit from the trust. *Pierro v. Pierro*, 438 Pa. 119, 264 A.2d 692 (1970). This is not the case here. The funds originally belonged solely to appellant. None of the funds ever belonged to the appellee and the appellee has no interest in the funds. The most appellee ever had was an expectation that, if appellant had not used the funds

during her lifetime, appellee would receive them at appellant's death. Appellant has neither a legal nor an equitable duty to preserve the funds for the benefit for appellee. Therefore, we reverse that portion of the order directing that the funds be reinvested in the names of both parties and limiting appellant's use of the funds.

The order is affirmed up to and including the words "shall surrender said sum to the plaintiff." The remainder of the order is reversed and vacated.