In the Matter of Revocation of Restaurant Liquor License No. 19081 etc. Cox Brothers, Inc., Appellant.

Submitted on briefs June 6, 1983, to President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*Robert M. Rovine,* for appellant.

*Patrick M. McHugh,* Deputy Chief Counsel, with him *Gary F. DiVito,* Chief Counsel, for appellee.

OPINION BY JUDGE BARBIERI, July 19, 1983:

Cox Brothers, Inc. (Licensee) appeals here from an order of the Court of Common Pleas of Montgomery County affirming a seven day suspension of its restaurant liquor license. We affirm.

After the issuance of citations and a hearing, the Pennsylvania Liquor Control Board (P.L.C.B.) suspended Licensee's restaurant liquor license for a period of seven days for serving alcoholic beverages on its licensed premises after 2:00 A.M. in violation of the provisions of Section 406(a) and 493(16) of the Liquor Code. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§4-406(a) and 4-493(16). Licensee appealed this determination to the court of common pleas, and pursuant to the provisions of Section 471 of the Code, 47 P.S. §4-471, a hearing de novo was

540

conducted. At this hearing an enforcement officer from the P.L.C.B. testified that he had been served two drinks on the licensed premises on August 22, 1981 after 2:00 A.M. and that he had also observed several other patrons being served after hours. The Licensee, for its part, presented the testimony of four witnesses, each of whom testified that they had been on the licensed premises after hours and had not seen alcohol being served. After considering this evidence, the court of common pleas affirmed the suspension, specifically finding the testimony of the P.L.C.B. enforcement officer to be more credible than that of Licensee's witnesses. The present appeal followed.

Before this Court, the sole question raised by Licensee is whether or not the court of common pleas abused its discretion by finding the testimony of the P.L.C.B. enforcement officer to be more credible than the testimony of Licensee's witnesses since (1) the officer testified that he purchased nine drinks during the course of his investigation during the night of August 22, 1981, and the morning of August 22, 1981, and (2) the officer could not remember how much he had paid for the drinks he purchased on Licensee's premises. Suffice it to say that these factors go to the weight and not the sufficiency of the evidence, and the court of common pleas' resolution of such issue of credibility will not be disturbed by this Court on appeal. *In re: Omicron Enterprises,* 68 Pa. Commonwealth Ct. 568, 449 A.2d 857 (1982). Accordingly, we must affirm.

ORDER

Now, July 19, 1983, the order of the Court of Common Pleas of Montgomery County dated June 11, 1982, dismissing the appeal of Cox Brothers, Inc., is affirmed.