In the Matter of the Estate of Nellie E. Caldwell. Samuel H. Caldwell, Appellant.

Submitted on briefs January 31, 1985, to Judges CRAIG and COLINS and Senior Judge BLATT, sitting as a panel of three.

*R. Lee Ziegler,* for appellant.

*Kathleen Krise Shaulis,* Assistant Counsel, with her, *George T. Bell,* Chief Counsel, for appellee.

OPINION BY JUDGE COLINS, March 19, 1985:

Nellie E. Caldwell died on September 23, 1980. On January 6, 1982, an inheritance tax return for decedent's estate was filed with the Register of Wills.of Mifflin County. Schedule E reported $72,091.10 in jointly-held assets subject to tax under Section 241[1]

---

[1] Act of June 15, 1961, P.L. 373, §241, 72 P.S. §2485-241 (1964), repealed by the Act of December 13, 1982, P.L. 1086.

of the Inheritance and Estate Tax Act (Act). On May 26, 1982, the Department of Revenue, Bureau of Examination, due to information it had received from several financial institutions[2] regarding numerous savings accounts and certificates of deposit held in the names of decedent and her brother, Samuel H. Caldwell (appellant), increased the value of the jointly-held assets to $197,033.63 and issued a new inheritance tax assessment. Appellant promptly filed a protest.

On March 18, 1983, the Department of Revenue, Board of Appeals, reduced the value of the jointly-held assets to $139,487.77. This reduction was made because the Board found that Section 222[3] (Contemplation of Death Transfers) of the Act did not apply to all of the accounts. The Department of Revenue then issued a new tax assessment, showing a tax due of $20,921.64. Appellant appealed from this assessment to the Court of Common Pleas of Mifflin County. On January 26, 1984, the Court of Common Pleas dismissed appellant's appeal. Appellant filed exceptions on February 6, 1984, which were subsequently dismissed on April 13, 1984. An appeal to this Court followed.

Section 241 of the Act provides that:

When any property is held in the names of two or more persons, or is deposited in a financial institution in the names of two or more persons, so that, upon the death of one of them, the survivor or survivors have a right to immediate ownership or possession and enjoyment of the whole property, the accrual of such right,

---

[2] The financial institutions are the Lewistown Trust Company, The Russell National Bank, The Lewistown Standard Savings and Loan, Mifflin County Savings and Loan, and Central Counties Bank.

[3] 72 P.S. §2485-222, repealed by the Act of December 13, 1982, P.L. 1086.

upon the death of one of them, shall be deemed a transfer subject to tax under this act, of a fractional portion of such property to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding death of the deceased joint tenant.

Appellant concedes that survivorship accounts are taxable under Section 241 of the Act. He asserts, however, that he did not intend to create joint tenancies with a right of survivorship; and that survivorship accounts were mistakenly established contrary to his instructions.

The best evidence of the parties' intent is the agreements they signed when they established their joint accounts and certificates of deposit. *Estate of Gillespie,* 462 Pa. 455, 341 A.2d 471 (1975). These agreements are legally binding contracts, and like any other contract, if their terms are unambiguous, they may not be contradicted by parol evidence in the absence of clear and convincing evidence of fraud, accident or mistake. *Id.*

The signature cards for the savings accounts and the certificates of deposit themselves, with the exception of several certificates, established at the Lewistown Trust Company and the Central Counties Bank (previously The First National Bank of Lewistown), show in clear and unambiguous language that decedent and/or appellant intended to create joint tenancies with a right of survivorship.

Appellant attempted to prove that his true intent was to establish payable on death (p.o.d.) accounts. He testified that he instructed bank personnel at the financial institutions to set-up p.o.d. accounts and that he specifically told them that he wanted to maintain control of the money as long as he lived.

With respect to the certificates, it was stipulated that appellant, if recalled, would have testified that he owned the funds represented by the certificates which were issued in his name first and decedent owned the funds represented by the certificates which were issued in her name first.

To further buttress this assertion of mistake, appellant testified that he retained possession of his passbooks and certificates and decedent never made any withdrawals from his accounts; and that he never saw decedent's bank records or certificates.

It is obvious from an examination of the evidence, that the real mistake in the instant case, was the failure of appellant and/or decedent to read the signature cards and certificates before signing them. A failure to read a card or certificate opening a joint tenancy is not a mistake sufficient to avoid imposition of the tax. *See Olson Estate,* 447 Pa. 483, 291 A.2d 95 (1972); *Estate of Brant,* 463 Pa. 230, 344 A.2d 806 (1975).

We must now determine whether a tax may be imposed on those remaining certificates[4] which list both decedent's and appellant's names, but contain no writing establishing a joint tenancy with a right of survivorship.

In *Estate of Kostelnik,* 471 Pa. 94, 101, 369 A.2d 1211, 1214 (1977), our Supreme Court stated that "[t]he mere establishment of the accounts in two names . . . does not conclusively establish a joint tenancy, taxable upon the death of one co-tenant."

The Court of Common Pleas, however, after hearing the testimony of the parties, concluded that appel-

---

[4] At the Lewistown Trust Company, Certificate No. 2710, Certificate No. 3306, Certificate No. 3307. At The First National Bank, Certificate No. 607.

lant had failed to show any fraud, accident or mistake in the establishing of the accounts. Questions concerning the weight and credibility of evidence are matters for the trial court to determine, not this Court. *See in the Matter of Revocation of Restaurant Liquor License No. 19801, etc., Cox Brothers, Inc.,* 75 Pa. Commonwealth Ct. 538, 462 A.2d 923 (1983).

Accordingly, we affirm the order of the Court of Common Pleas.

ORDER

AND Now, this 19th day of March, 1985, the order of the Court of Common Pleas of Mifflin County, Estate File No. 44-80-235, is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.